NO. 07-00-0582-CR

IN THE COURT OF APPEALS

FOR THE SEVENTH DISTRICT OF TEXAS

AT AMARILLO

PANEL A

DECEMBER10, 2001

_____

JORGE LUIS RODRIGUEZ, APPELLANT

V.

THE STATE OF TEXAS, APPELLEE

_____

FROM THE 208TH DISTRICT COURT OF HARRIS COUNTY;

NO. 9417160; HONORABLE DENISE COLLINS, JUDGE

_____

Before BOYD, C.J., and REAVIS and JOHNSON, JJ.

Pursuant to a plea bargain, appellant Jorge Luis Rodriguez was convicted of delivery of cocaine of at least 400 grams, a first degree felony, and punishment was assessed at 22 years confinement and a $100 fine. Appellant filed a *pro se* general notice of appeal. In presenting this appeal, counsel has filed an *Anders*[1] brief in support of a

_____

[1]*Anders v. California*, 386 U.S. 738, 87 S.Ct. 1396, 18 L.Ed.2d 493 (1967).

motion to withdraw. Based upon the rationale expressed herein, the appeal is dismissed for want of jurisdiction and counsel's motion to withdraw is rendered moot.

In support of his motion to withdraw, counsel has certified that he has diligently reviewed the record and, in his opinion, the record reflects no reversible error or grounds upon which an appeal can be predicated. Anders v. California, 386 U.S. 738, 744-45, 87 S.Ct. 1396, 18 L.Ed.2d 493 (1967); Monroe v. State, 671 S.W.2d 583, 585 (Tex.App.--San Antonio 1984, no pet.). Thus, he concludes the appeal is frivolous and without merit. In compliance with High v. State, 573 S.W.2d 807, 813 (Tex.Cr.App. 1978), counsel has candidly discussed why, under the controlling authorities, there is no error in the court's judgment. Counsel has also shown that he sent a copy of the brief to appellant, and informed appellant that, in counsel's view, the appeal is without merit. In addition, counsel has demonstrated that he notified appellant of his right to review the record and file a *pro se* brief if he desires to do so. Appellant did not file a *pro se* brief. Concluding that the appeal is frivolous, the State filed a waiver of time in which to file its brief.

When an appeal is made challenging an issue relating to a conviction rendered from a defendant's initial guilty plea and the punishment assessed does not exceed the punishment recommended by the State, the notice of appeal limitations of Rule 25.2(b)(3) of the Texas Rules of Appellate Procedure are triggered. Vidaurri v. State, 49 S.W.3d 880 (Tex.Cr.App. 2001). Moreover, voluntariness of a plea is no longer appealable from plea-bargained felony convictions. Cooper v. State, 45 S.W.3d 77, 83 (Tex.Cr.App. 2001).

Thus, because appellant filed a general notice of appeal, we are without jurisdiction to entertain any arguable complaints that could have been raised.

We have also made an independent examination of the entire record to determine whether there are any arguable grounds which might support the appeal. *See* Penson v. Ohio, 488 U.S. 75, 109 S.Ct. 346, 102 L.Ed.2d 300 (1988); Stafford v. State, 813 S.W.2d 503, 511 (Tex.Cr.App. 1991). We have found no such grounds and agree with counsel that the appeal is without merit and is, therefore, frivolous. Currie v. State, 516 S.W.2d 684 (Tex.Cr.App. 1974); Lacy v. State, 477 S.W.2d 577, 578 (Tex.Cr.App. 1972).

Accordingly, the appeal is dismissed for want of jurisdiction and counsel's motion to withdraw is rendered moot.

Don H. Reavis
Justice

Do not publish.

3