NO. 07-01-0245-CR

IN THE COURT OF APPEALS

FOR THE SEVENTH DISTRICT OF TEXAS

AT AMARILLO

PANEL A

APRIL 1, 2002

_____

CHRISTINA LASHAWN MARTINEZ, APPELLANT

V.

THE STATE OF TEXAS, APPELLEE

_____

FROM THE 242ND DISTRICT COURT OF HALE COUNTY;

NO. B13655-0002; HONORABLE ED SELF, JUDGE

_____

Before BOYD, C.J., and REAVIS and JOHNSON, JJ.

Pursuant to a plea of guilty for forgery, on February 23, 2000, appellant Christina Lashawn Martinez was granted deferred adjudication and placed on community supervision for two years. On July 10, 2000, the trial court found that appellant had violated three conditions of her community supervision and adjudicated her guilty of the original offense. Punishment was assessed at two years confinement, suspended for five

years. Then, on May 7, 2001, pursuant to the State's motion to revoke community supervision for numerous violations of the terms and conditions thereof, the trial court revoked community supervision and imposed a sentence of two years confinement in a state jail facility. In presenting this appeal, counsel has filed an *Anders*[1] brief in support of a motion to withdraw. Based upon the rationale expressed herein, we affirm.

In support of his motion to withdraw, counsel has certified that he has diligently reviewed the record and, in his opinion, the record reflects no reversible error or grounds upon which an appeal can be predicated. Anders v. California, 386 U.S. 738, 744-45, 87 S.Ct. 1396, 18 L.Ed.2d 493 (1967); Monroe v. State, 671 S.W.2d 583, 585 (Tex.App.--San Antonio 1984, no pet.). Thus, he concludes the appeal is frivolous and without merit. In compliance with High v. State, 573 S.W.2d 807, 813 (Tex.Cr.App. 1978), counsel has candidly discussed why, under the controlling authorities, there is no error in the court's judgment. Counsel has also shown that he sent a copy of the brief to appellant, and informed appellant that, in counsel's view, the appeal is without merit. In addition, counsel has demonstrated that he notified appellant of her right to review the record and file a *pro se* brief if she desired to do so. Appellant did not file a *pro se* brief. The State did not favor us with a brief.

---

[1]Anders v. California, 386 U.S. 738, 87 S.Ct. 1396, 18 L.Ed.2d 493 (1967).

2

When reviewing an order revoking community supervision, the sole question before this Court is whether the trial court abused its discretion. Jackson v. State, 645 S.W.2d 303, 305 (Tex.Cr.App. 1983). In a revocation proceeding, the State must prove by a preponderance of the evidence that appellant violated a condition of community supervision. Cobb v. State, 851 S.W.2d 871, 874 (Tex.Cr.App. 1993). Although one sufficient ground for revocation supports the trial court's order, Moore v. State, 605 S.W.2d 924, 926 (Tex.Cr.App. 1980), a plea of true standing alone is sufficient to support the trial court's revocation order. Moses v. State, 590 S.W.2d 469, 470 (Tex.Cr.App. 1979).

At the hearing on the State's motion to revoke, after appellant was properly admonished, she voluntarily and knowingly entered a plea of true to some but not all of the State's allegations. By written stipulation, she also claimed that all allegations in the State's motion to revoke, with the exception of portions of the second and fourth paragraphs, were true and correct. She admitted committing theft at a K-Mart to be "part of the crowd, and be – to fit in." She also confirmed that she tested positive for marihuana in August 2000, just one month after being placed on community supervision. Based on the evidence presented, the trial court was within its discretion in revoking appellant's community supervision for violations of the terms and conditions thereof.

Counsel presents four arguable points of error, to wit: (1) whether the evidence is legally and factually sufficient to establish the elements of "scienter and property" on the revocation offense; (2) whether the State failed to prove identity during the revocation

3

proceeding; (3) whether appellant's conviction for forgery was void as the indictment on its face failed to allege the crime charged; and (4) whether appellant received ineffective assistance of counsel for the revocation. However, after a discussion of the evidence and legal authorities, counsel concedes that no reversible error is presented.

We have also made an independent examination of the entire record to determine whether there are any arguable grounds which might support the appeal. *See* Penson v. Ohio, 488 U.S. 75, 109 S.Ct. 346, 102 L.Ed.2d 300 (1988); Stafford v. State, 813 S.W.2d 503, 511 (Tex.Cr.App. 1991). We have found no such grounds and agree with counsel that the appeal is without merit and is, therefore, frivolous. Currie v. State, 516 S.W.2d 684 (Tex.Cr.App. 1974); Lacy v. State, 477 S.W.2d 577, 578 (Tex.Cr.App. 1972).

Accordingly, counsel's motion to withdraw is hereby granted and the judgment of the trial court is affirmed.

Don H. Reavis
Justice

Do not publish.

4