NO. 07-01-0397-CR



IN THE COURT OF APPEALS



FOR THE SEVENTH DISTRICT OF TEXAS



AT AMARILLO



PANEL C



JUNE 28, 2002



______________________________




JOSEPH ADAM BACA, APPELLANT



V.



THE STATE OF TEXAS, APPELLEE




_________________________________



FROM THE 64TH DISTRICT COURT OF HALE COUNTY;



NO. A13819-0009; HONORABLE JACK R. MILLER, JUDGE



_______________________________



Before QUINN and REAVIS and JOHNSON, JJ.

 Pursuant to a plea bargain, on October 5, 2000, appellant Joseph Adam Baca was
convicted of unauthorized absence from the Hale County Law Enforcement Center and
punishment was assessed at two years confinement in a state jail facility and a $500 fine. 
The sentence was suspended, but after hearing evidence that appellant had violated the
conditions of community supervision, the trial court revoked community supervision and
imposed the original punishment. Appellant filed a general notice of appeal challenging
the trial court's judgment. In presenting this appeal, counsel has filed an Anders (1) brief in
support of a motion to withdraw. Based upon the rationale expressed herein, the appeal
is dismissed for want of jurisdiction. 

 In support of his motion to withdraw, counsel has certified that he has diligently
reviewed the record and, in his opinion, the record reflects no reversible error or grounds
upon which an appeal can be predicated. Anders v. California, 386 U.S. 738, 744-45, 87
S.Ct. 1396, 18 L.Ed.2d 493 (1967); Monroe v. State, 671 S.W.2d 583, 585 (Tex.App.--San
Antonio 1984, no pet.). Thus, he concludes the appeal is frivolous and without merit. In
compliance with High v. State, 573 S.W.2d 807, 813 (Tex.Cr.App. 1978), counsel has
candidly discussed why, under the controlling authorities, there is no error in the court's
judgment. Counsel has also shown that he sent a copy of the brief to appellant, and
informed appellant that, in counsel's view, the appeal is without merit. In addition, counsel
has demonstrated that he notified appellant of his right to review the record and file a pro
se brief if he desired to do so. Appellant did not file a pro se brief nor did the State favor
us with a brief.

 Appellate jurisdiction is invoked by filing a timely and proper notice of appeal. See
State v. Riewe, 13 S.W3d 408, 410 (Tex.Cr.App. 2000). To perfect an appeal from a
judgment that was rendered on a defendant's guilty plea and in which the punishment
assessed did not exceed the punishment recommended by the prosecutor and agreed to
by the defendant, a notice of appeal must (a) specify that the appeal is for a jurisdictional
defect; (b) specify that the substance of the appeal was raised by written motion and ruled
on before trial; or (c) state that the trial court granted permission to appeal. Tex. R. App.
P. 25.2(b)(3); see also White v. State, 61 S.W.3d 424, 428-29 (Tex.Cr.App. 2001) (holding
that the notice requirements set forth in Rule 25.2(b)(3) should be interpreted according
to their plain meaning and that failing to meet the requirements fails to invoke the
jurisdiction of an appellate court); see also Vidaurri v. State, 49 S.W.3d 880, 884
(Tex.Cr.App. 2001) (holding that the notice of appeal limitations of Rule 25.2(b)(3) apply
to an appeal from a conviction rendered on a guilty plea with agreed punishment). 

 Appellant's notice of appeal does not contain any of the requirements set forth in
Rule 25.2(b)(3) necessary to invoke this Court's jurisdiction over his conviction. Thus, our
jurisdiction has not been invoked and the appeal must be dismissed. Accordingly, the
appeal is dismissed for want of jurisdiction and we are without jurisdiction to rule on
counsel's motion to withdraw.


 Don H. Reavis

 Justice


Do not publish. 
1. Anders v. California, 386 U.S. 738, 87 S.Ct. 1396, 18 L.Ed.2d 493 (1967).



eg, according to Pennington, as to hide something between the seat and
console. Pennington asked the driver for ID and, when Ramirez could not produce any ID,
asked Ramirez to step out of the car. As Ramirez stepped out, appellee laid a newspaper
over the console area. After Pennington handcuffed Ramirez for safety purposes,
Pennington had Hawley take Ramirez to the patrol car. Pennington stayed at the car and
removed the newspaper that appellee laid out and saw a handgun between the seat and
console area. Concurrent with Pennington’s observation, as Hawley took Ramirez to the
patrol car, Hawley asked Ramirez if there was anything illegal in the car. Ramirez
responded, “a gun.” Upon learning that a gun was located in the vehicle, Hawley placed
Ramirez in the patrol car and returned to the vehicle to search it, including appellee’s purse
located on the floorboard of the passenger side. Hawley “frisked” the purse for weapons
but instead found a set of scales. After asking appellee if he could continue to search the
purse, appellee answered yes and further directed Hawley to “stuff in the black bag.” 
Inside the purse, Hawley found a black bag containing marijuana and methamphetamine. 
Ramirez was arrested for unlawfully carrying a weapon and appellee was arrested for
possession of methamphetamine.
          At a suppression hearing, appellee contended that the trial court in this case was
collaterally estopped from admitting the evidence of the methamphetamine because
another trial court had held that the detention of Ramirez and subsequent search of the
vehicle was illegal and had suppressed the evidence. See State v. Ramirez, 246 S.W.3d
287 (Tex.App.–Amarillo 2008, no pet.). After hearing testimony on the issue, the trial court
ruled that the State was estopped from maintaining the lawfulness of the search and
seizure and suppressed the evidence seized during the search of Lovington’s purse. In
its findings of fact and conclusions of law, the trial court concluded that “[b]y operation of
either the ’law of the case’ or estoppel doctrines, this Court concludes that the officers’
continued detention . . . was unlawful.” Appealing the trial court’s suppression of the
evidence, the State contends that the trial court abused its discretion in suppressing the
evidence in light of the trial court’s own findings of fact and conclusions of law. We agree.
          Collateral estoppel applies when an issue of ultimate fact has been determined by
a valid and final judgment and that issue cannot again be litigated between the same
parties. See Murphy v. State, 239 S.W.3d 791, 794 (Tex.Crim.App. 2007). Collateral
estoppel deals only with specific factual determinations, not legal claims or legal
conclusions. Guajardo v. State, 109 S.W.3d 456, 460 (Tex.Crim.App. 2003). When the
sole witness at the motion to suppress hearing is the arresting officer and the trial court
files findings of fact and conclusions of law, the only question before us is whether the trial
court properly applied the law to the facts it found. See Ballman v. State, 157 S.W.3d 65,
69 (Tex.App.–Fort Worth 2004, pet. ref’d). Because the trial court entered findings of fact
and conclusions of law and because the trial court accepted virtually all of the officers’
testimony, we must give that court almost total deference in reviewing those historical facts
found but review de novo the application of the law to those facts. See id.
          In this case, we note that the findings of fact and conclusions of law made by the
trial court demonstrate that the trial court believed that 
[t]he Seventh Court of Appeals upheld [a previous] court’s
order suppressing evidence seized from Ramirez . . . .
Established, then, is the ‘law of the case’ that the seizure of
evidence respecting both defendants in the companion cases
was unlawful. The State is estopped from here maintaining the
lawfulness of the search and seizure. 
 
However, collateral estoppel does not apply because the parties differ in the companion
case. In the previous case, Ramirez was the person contesting the legality of the
continued detention. See Ramirez, 246 S.W.3d at 289. In this case, Lovington is the
party seeking to have the evidence suppressed. Furthermore, the determination of
whether the officer had reasonable suspicion to continue the encounter after Pennington
discovered that neither Ramirez or appellee were the subject of the arrest warrant is a legal
conclusion and, thus, not subject to collateral estoppel. See Guajardo, 109 S.W.3d at
460. Thus, the factual determinations made by the previous trial court in Ramirez apply
only to that case. Id. We hold that the trial court erred in ultimately concluding that the
State was estopped from maintaining the lawfulness of the search and seizure.
Conclusion
          For the foregoing reasons, we reverse the trial court’s order granting appellee’s
motion to suppress and remand to the trial court for further proceedings consistent with this
opinion.  
 
                                                                           Mackey K. Hancock

                                      Justice





Do not publish. 



Quinn, C.J., dissenting.