NO. 07-01-0361-CR



IN THE COURT OF APPEALS



FOR THE SEVENTH DISTRICT OF TEXAS



AT AMARILLO



PANEL A



JUNE 28, 2002



______________________________




DAFFREAN DEVON JENKINS, APPELLANT



V.



THE STATE OF TEXAS, APPELLEE




_________________________________



FROM THE 64TH DISTRICT COURT OF HALE COUNTY;



NO. A13835-0009; HONORABLE JACK R. MILLER, JUDGE



_______________________________



Before BOYD, C.J., and REAVIS and JOHNSON, JJ.

 Pursuant to a plea bargain, on February 2, 2001, appellant Daffrean Devon Jenkins
was convicted of forgery of a financial instrument and punishment was assessed at two
years confinement in a state jail facility and a $500 fine. The sentence was suspended,
but after hearing evidence that appellant had violated the conditions of community
supervision, the trial court revoked community supervision and imposed the original
punishment. Appellant filed a general notice of appeal challenging the trial court's
judgment. In presenting this appeal, counsel has filed an Anders (1) brief in support of a
motion to withdraw. Based upon the rationale expressed herein, the appeal is dismissed
for want of jurisdiction. 

 In support of his motion to withdraw, counsel has certified that he has diligently
reviewed the record and, in his opinion, the record reflects no reversible error or grounds
upon which an appeal can be predicated. Anders v. California, 386 U.S. 738, 744-45, 87
S.Ct. 1396, 18 L.Ed.2d 493 (1967); Monroe v. State, 671 S.W.2d 583, 585 (Tex.App.--San
Antonio 1984, no pet.). Thus, he concludes the appeal is frivolous and without merit. In
compliance with High v. State, 573 S.W.2d 807, 813 (Tex.Cr.App. 1978), counsel has
candidly discussed why, under the controlling authorities, there is no error in the court's
judgment. Counsel has also shown that he sent a copy of the brief to appellant, and
informed appellant that, in counsel's view, the appeal is without merit. In addition, counsel
has demonstrated that he notified appellant of his right to review the record and file a pro
se brief if he desired to do so. Appellant did not file a pro se brief nor did the State favor
us with a brief.

 Appellate jurisdiction is invoked by filing a timely and proper notice of appeal. See
State v. Riewe, 13 S.W3d 408, 410 (Tex.Cr.App. 2000). To perfect an appeal from a
judgment that was rendered on a defendant's guilty plea and in which the punishment
assessed did not exceed the punishment recommended by the prosecutor and agreed to
by the defendant, a notice of appeal must (a) specify that the appeal is for a jurisdictional
defect; (b) specify that the substance of the appeal was raised by written motion and ruled
on before trial; or (c) state that the trial court granted permission to appeal. Tex. R. App.
P. 25.2(b)(3); see also White v. State, 61 S.W.3d 424, 428-29 (Tex.Cr.App. 2001) (holding
that the notice requirements set forth in Rule 25.2(b)(3) should be interpreted according
to their plain meaning and that failing to meet the requirements fails to invoke the
jurisdiction of an appellate court); see also Vidaurri v. State, 49 S.W.3d 880, 884
(Tex.Cr.App. 2001) (holding that the notice of appeal limitations of Rule 25.2(b)(3) apply
to an appeal from a conviction rendered on a guilty plea with agreed punishment). 

 Appellant's notice of appeal does not contain any of the requirements set forth in
Rule 25.2(b)(3) necessary to invoke this Court's jurisdiction over his conviction. Thus, our
jurisdiction has not been invoked and the appeal must be dismissed. Accordingly, the
appeal is dismissed for want of jurisdiction and we are without jurisdiction to rule on
counsel's motion to withdraw.


 Don H. Reavis

 Justice


Do not publish. 
1. Anders v. California, 386 U.S. 738, 87 S.Ct. 1396, 18 L.Ed.2d 493 (1967).



>

 We have also made an independent examination of the entire record to determine
whether there are any arguable grounds which might support the appeal. See Penson v.
Ohio, 488 U.S. 75, 109 S.Ct. 346, 102 L.Ed.2d 300 (1988); Stafford v. State, 813 S.W.2d
503, 511 (Tex.Cr.App. 1991). We have found no such grounds and agree with counsel that
the appeal is frivolous. Currie v. State, 516 S.W.2d 684 (Tex.Cr.App. 1974); Lacy v. State,
477 S.W.2d 577, 578 (Tex.Cr.App. 1972).

 Accordingly, counsel's motion to withdraw is hereby granted and the judgment of the
trial court is affirmed.

 Don H. Reavis

 Justice

 

Do not publish.
1. Anders v. California, 386 U.S. 738, 87 S.Ct. 1396, 18 L.Ed.2d 493 (1967).