NO. 07-01-0126-CR
NO. 07-01-0127-CR

IN THE COURT OF APPEALS

FOR THE SEVENTH DISTRICT OF TEXAS

AT AMARILLO

PANEL A

JUNE 28, 2002

_____

BRANDY DEEVON TUCKER, APPELLANT

V.

THE STATE OF TEXAS, APPELLEE

_____

FROM THE 47TH DISTRICT COURT OF POTTER COUNTY;

NOS. 38,078-A & 38,079-A; HONORABLE DAVID GLEASON, JUDGE

_____

Before BOYD, C.J., and REAVIS and JOHNSON, JJ.

Pursuant to plea bargain agreements, appellant Brandy DeeVon Tucker was convicted of possession of a controlled substance on September 4, 1997, and punishment was assessed at six years confinement in cause number 38,078-A, and six years confinement and a $1,500 fine in cause number 38,079-A. The sentences were suspended and appellant was placed on community supervision for six years. Upon the State's motion to revoke for violations of the conditions of community supervision, appellant's term of community supervision was extended

by two years and the conditions thereto were amended. On April 17, 2000, upon hearing evidence that appellant had again violated the conditions of community supervision, the trial court signed revocation orders and imposed the original punishment for each offense. Appellant filed general notices of appeal from both judgments. In presenting this appeal, counsel has filed an *Anders*[1] brief in support of a motion to withdraw. Based upon the rationale expressed herein, the appeal is dismissed for want of jurisdiction.

In support of his motion to withdraw, counsel has certified that he has diligently reviewed the record and, in his opinion, the record reflects no reversible error or grounds upon which an appeal can be predicated. Anders v. California, 386 U.S. 738, 744-45, 87 S.Ct. 1396, 18 L.Ed.2d 493 (1967); Monroe v. State, 671 S.W.2d 583, 585 (Tex.App.--San Antonio 1984, no pet.). Thus, he concludes the appeal is frivolous and without merit. In compliance with High v. State, 573 S.W.2d 807, 813 (Tex.Cr.App. 1978), counsel has candidly discussed why, under the controlling authorities, there is no error in the court's judgment. Counsel has also shown that he sent a copy of the brief to appellant, and informed appellant that, in counsel's view, the appeal is without merit. In addition, counsel has demonstrated that he notified appellant of her right to review the record and file a *pro se* brief if she desired to do so. Appellant did not file a *pro se* brief nor did the State favor us with a brief.

Appellate jurisdiction is invoked by filing a timely and proper notice of appeal. *See* State v. Riewe, 13 S.W3d 408, 410 (Tex.Cr.App. 2000). To perfect an appeal from a judgment that

---

[1]Anders v. California, 386 U.S. 738, 87 S.Ct. 1396, 18 L.Ed.2d 493 (1967).

2

was rendered on a defendant's guilty plea and in which the punishment assessed did not exceed the punishment recommended by the prosecutor and agreed to by the defendant, a notice of appeal must (a) specify that the appeal is for a jurisdictional defect; (b) specify that the substance of the appeal was raised by written motion and ruled on before trial; or (c) state that the trial court granted permission to appeal. Tex. R. App. P. 25.2(b)(3); *see also* White v. State, 61 S.W.3d 424, 428-29 (Tex.Cr.App. 2001) (holding that the notice requirements set forth in Rule 25.2(b)(3) should be interpreted according to their plain meaning and that failing to meet the requirements fails to invoke the jurisdiction of an appellate court); *see also* Vidaurri v. State, 49 S.W.3d 880, 884 (Tex.Cr.App. 2001) (holding that the notice of appeal limitations of Rule 25.2(b)(3) apply to an appeal from a conviction rendered on a guilty plea with agreed punishment).

Appellant's notices of appeal do not contain any of the requirements set forth in Rule 25.2(b)(3) necessary to invoke this Court's jurisdiction over the convictions. Thus, our jurisdiction has not been invoked and the appeals must be dismissed. Accordingly, the appeals are dismissed for want of jurisdiction and we are without jurisdiction to rule on counsel's motion to withdraw.

Don H. Reavis
Justice

Do not publish.