NO. 07-01-0126-CR


NO. 07-01-0127-CR



IN THE COURT OF APPEALS



FOR THE SEVENTH DISTRICT OF TEXAS



AT AMARILLO



PANEL A



JUNE 28, 2002



______________________________




BRANDY DEEVON TUCKER, APPELLANT



V.



THE STATE OF TEXAS, APPELLEE




_________________________________



FROM THE 47TH DISTRICT COURT OF POTTER COUNTY;



NOS. 38,078-A & 38,079-A; HONORABLE DAVID GLEASON, JUDGE



_______________________________



Before BOYD, C.J., and REAVIS and JOHNSON, JJ.

 Pursuant to plea bargain agreements, appellant Brandy DeeVon Tucker was convicted
of possession of a controlled substance on September 4, 1997, and punishment was assessed
at six years confinement in cause number 38,078-A, and six years confinement and a $1,500
fine in cause number 38,079-A. The sentences were suspended and appellant was placed on
community supervision for six years. Upon the State's motion to revoke for violations of the
conditions of community supervision, appellant's term of community supervision was extended
by two years and the conditions thereto were amended. On April 17, 2000, upon hearing
evidence that appellant had again violated the conditions of community supervision, the trial
court signed revocation orders and imposed the original punishment for each offense. 
Appellant filed general notices of appeal from both judgments. In presenting this appeal,
counsel has filed an Anders (1) brief in support of a motion to withdraw. Based upon the rationale
expressed herein, the appeal is dismissed for want of jurisdiction.

 In support of his motion to withdraw, counsel has certified that he has diligently reviewed
the record and, in his opinion, the record reflects no reversible error or grounds upon which an
appeal can be predicated. Anders v. California, 386 U.S. 738, 744-45, 87 S.Ct. 1396, 18
L.Ed.2d 493 (1967); Monroe v. State, 671 S.W.2d 583, 585 (Tex.App.--San Antonio 1984, no
pet.). Thus, he concludes the appeal is frivolous and without merit. In compliance with High
v. State, 573 S.W.2d 807, 813 (Tex.Cr.App. 1978), counsel has candidly discussed why, under
the controlling authorities, there is no error in the court's judgment. Counsel has also shown
that he sent a copy of the brief to appellant, and informed appellant that, in counsel's view, the
appeal is without merit. In addition, counsel has demonstrated that he notified appellant of her
right to review the record and file a pro se brief if she desired to do so. Appellant did not file
a pro se brief nor did the State favor us with a brief.

 Appellate jurisdiction is invoked by filing a timely and proper notice of appeal. See State
v. Riewe, 13 S.W3d 408, 410 (Tex.Cr.App. 2000). To perfect an appeal from a judgment that
was rendered on a defendant's guilty plea and in which the punishment assessed did not
exceed the punishment recommended by the prosecutor and agreed to by the defendant, a
notice of appeal must (a) specify that the appeal is for a jurisdictional defect; (b) specify that
the substance of the appeal was raised by written motion and ruled on before trial; or (c) state
that the trial court granted permission to appeal. Tex. R. App. P. 25.2(b)(3); see also White v.
State, 61 S.W.3d 424, 428-29 (Tex.Cr.App. 2001) (holding that the notice requirements set
forth in Rule 25.2(b)(3) should be interpreted according to their plain meaning and that failing
to meet the requirements fails to invoke the jurisdiction of an appellate court); see also Vidaurri
v. State, 49 S.W.3d 880, 884 (Tex.Cr.App. 2001) (holding that the notice of appeal limitations
of Rule 25.2(b)(3) apply to an appeal from a conviction rendered on a guilty plea with agreed
punishment). 

 Appellant's notices of appeal do not contain any of the requirements set forth in Rule
25.2(b)(3) necessary to invoke this Court's jurisdiction over the convictions. Thus, our
jurisdiction has not been invoked and the appeals must be dismissed. Accordingly, the appeals
are dismissed for want of jurisdiction and we are without jurisdiction to rule on counsel's motion
to withdraw.


 Don H. Reavis

 Justice



Do not publish. 

 
1. Anders v. California, 386 U.S. 738, 87 S.Ct. 1396, 18 L.Ed.2d 493 (1967).