NO. 07-02-0142-CR
NO. 07-02-0143-CR
NO. 07-02-0144-CR

IN THE COURT OF APPEALS

FOR THE SEVENTH DISTRICT OF TEXAS

AT AMARILLO

PANEL A

APRIL 15, 2003

_____

FABIAN JAMES TANKESLY, APPELLANT

V.

THE STATE OF TEXAS, APPELLEE

_____

FROM THE 47TH DISTRICT COURT OF POTTER COUNTY;

NO. 41,975-A, 41,941-A, & 41,926-A ; HONORABLE DAVID GLEASON, JUDGE

_____

Before JOHNSON, C.J., and REAVIS and CAMPBELL, JJ.

**MEMORANDUM OPINION**[1]

Pursuant to guilty pleas, on April 11, 2001, appellant Fabian James Tankesly was

convicted of theft over $1,500 in cause number 41,975-A, securing execution of documents

_____

[1]Tex. R. App. P. 47.2(a).

by deception over $20,000 and under $100,000 in cause number 41,941-A, and unauthorized use of a motor vehicle in cause number 41,926-A, and punishment was assessed at two years confinement and a $100 fine, suspended for three years community supervision. Upon the State's amended motion, on March 7, 2002, community supervision was revoked for violations of the conditions thereof, and the original punishment was imposed. In presenting this appeal, counsel has filed an *Anders*[2] brief in support of a motion to withdraw. Based upon the rationale expressed herein, counsel's motion to withdraw is granted and the judgment of the trial court is affirmed.

In support of her motion to withdraw, counsel has certified that she has diligently reviewed the record and, in her opinion, the record reflects no reversible error or grounds upon which an appeal can be predicated. Anders v. California, 386 U.S. 738, 744-45, 87 S.Ct. 1396, 18 L.Ed.2d 493 (1967); Monroe v. State, 671 S.W.2d 583, 585 (Tex.App.--San Antonio 1984, no pet.). Thus, she concludes the appeal is frivolous and without merit. In compliance with High v. State, 573 S.W.2d 807, 813 (Tex.Cr.App. 1978), counsel has candidly discussed why, under the controlling authorities, there is no error in the court's judgment. Counsel has also shown that she sent a copy of the brief to appellant, and informed appellant that, in counsel's view, the appeal is without merit. In addition, counsel has demonstrated that she notified appellant of his right to review the record and file a *pro*

---

[2]Anders v. California, 386 U.S. 738, 87 S.Ct. 1396, 18 L.Ed.2d 493 (1967).

*se* brief if he desired to do so. Appellant filed a *pro se* letter brief; however, the State did not favor us with a brief.

By its amended motion to revoke, the State alleged numerous violations of the conditions of community supervision. At the hearing on the State's motion, after being properly admonished, appellant voluntarily plead true to four of the allegations in all three cause numbers and one of the allegations in cause number 41,926-A, and the State waived the remaining allegations.

When reviewing an order revoking community supervision, the sole question before this Court is whether the trial court abused its discretion. Jackson v. State, 645 S.W.2d 303, 305 (Tex.Cr.App. 1983). One sufficient ground for revocation supports the trial court's order. Moore v. State, 605 S.W.2d 924, 926 (Tex.Cr.App. 1980). Also, in a revocation proceeding, a plea of true standing alone is sufficient to support the trial court's revocation order. Moses v. State, 590 S.W.2d 469, 470 (Tex.Cr.App. 1979).

Appellate counsel presents one arguable issue in the *Anders* brief, to-wit: whether the trial court could have considered the extenuating circumstances facing appellant and imposed a lesser sentence. By his *pro se* letter brief, appellant concedes that he agreed to plead true to some of the allegations made by the State, but that he believed his trial counsel would present a defense on those allegations. He also attempts to explain the circumstances that lead to some of the violations of his conditions of community

3

supervision. However, having reviewed a transcription of the hearing, we conclude that appellant's plea of true was freely and voluntarily given and thus, is sufficient to support the trial court's revocation order.

We have also made an independent examination of the entire record to determine whether there are any arguable grounds which might support the appeal. *See* Penson v. Ohio, 488 U.S. 75, 109 S.Ct. 346, 102 L.Ed.2d 300 (1988); Stafford v. State, 813 S.W.2d 503, 511 (Tex.Cr.App. 1991). We have found no such grounds and agree with counsel that the appeal is without merit and is, therefore, frivolous. Currie v. State, 516 S.W.2d 684 (Tex.Cr.App. 1974); Lacy v. State, 477 S.W.2d 577, 578 (Tex.Cr.App. 1972).

Accordingly, counsel's motion to withdraw is hereby granted and the judgment of the trial court is affirmed.

Don H. Reavis
Justice

Do not publish.