NO. 07-02-0142-CR


NO. 07-02-0143-CR


NO. 07-02-0144-CR



IN THE COURT OF APPEALS



FOR THE SEVENTH DISTRICT OF TEXAS



AT AMARILLO



PANEL A



APRIL 15, 2003



______________________________




FABIAN JAMES TANKESLY, APPELLANT



V.



THE STATE OF TEXAS, APPELLEE



_________________________________



FROM THE 47TH DISTRICT COURT OF POTTER COUNTY;



NO. 41,975-A, 41,941-A, & 41,926-A ; HONORABLE DAVID GLEASON, JUDGE



_______________________________



Before JOHNSON, C.J., and REAVIS and CAMPBELL, JJ.

MEMORANDUM OPINION (1)


 Pursuant to guilty pleas, on April 11, 2001, appellant Fabian James Tankesly was
convicted of theft over $1,500 in cause number 41,975-A, securing execution of documents
by deception over $20,000 and under $100,000 in cause number 41,941-A, and
unauthorized use of a motor vehicle in cause number 41,926-A, and punishment was
assessed at two years confinement and a $100 fine, suspended for three years community
supervision. Upon the State's amended motion, on March 7, 2002, community supervision
was revoked for violations of the conditions thereof, and the original punishment was
imposed. In presenting this appeal, counsel has filed an Anders (2) brief in support of a
motion to withdraw. Based upon the rationale expressed herein, counsel's motion to
withdraw is granted and the judgment of the trial court is affirmed. 

 In support of her motion to withdraw, counsel has certified that she has diligently
reviewed the record and, in her opinion, the record reflects no reversible error or grounds
upon which an appeal can be predicated. Anders v. California, 386 U.S. 738, 744-45, 87
S.Ct. 1396, 18 L.Ed.2d 493 (1967); Monroe v. State, 671 S.W.2d 583, 585 (Tex.App.--San
Antonio 1984, no pet.). Thus, she concludes the appeal is frivolous and without merit. In
compliance with High v. State, 573 S.W.2d 807, 813 (Tex.Cr.App. 1978), counsel has
candidly discussed why, under the controlling authorities, there is no error in the court's
judgment. Counsel has also shown that she sent a copy of the brief to appellant, and
informed appellant that, in counsel's view, the appeal is without merit. In addition, counsel
has demonstrated that she notified appellant of his right to review the record and file a pro
se brief if he desired to do so. Appellant filed a pro se letter brief; however, the State did
not favor us with a brief.

 By its amended motion to revoke, the State alleged numerous violations of the
conditions of community supervision. At the hearing on the State's motion, after being
properly admonished, appellant voluntarily plead true to four of the allegations in all three
cause numbers and one of the allegations in cause number 41,926-A, and the State
waived the remaining allegations. 

 When reviewing an order revoking community supervision, the sole question before
this Court is whether the trial court abused its discretion. Jackson v. State, 645 S.W.2d
303, 305 (Tex.Cr.App. 1983). One sufficient ground for revocation supports the trial
court's order. Moore v. State, 605 S.W.2d 924, 926 (Tex.Cr.App. 1980). Also, in a
revocation proceeding, a plea of true standing alone is sufficient to support the trial court's
revocation order. Moses v. State, 590 S.W.2d 469, 470 (Tex.Cr.App. 1979). 

 Appellate counsel presents one arguable issue in the Anders brief, to-wit: whether
the trial court could have considered the extenuating circumstances facing appellant and
imposed a lesser sentence. By his pro se letter brief, appellant concedes that he agreed
to plead true to some of the allegations made by the State, but that he believed his trial
counsel would present a defense on those allegations. He also attempts to explain the
circumstances that lead to some of the violations of his conditions of community
supervision. However, having reviewed a transcription of the hearing, we conclude that
appellant's plea of true was freely and voluntarily given and thus, is sufficient to support
the trial court's revocation order.

 We have also made an independent examination of the entire record to determine
whether there are any arguable grounds which might support the appeal. See Penson v.
Ohio, 488 U.S. 75, 109 S.Ct. 346, 102 L.Ed.2d 300 (1988); Stafford v. State, 813 S.W.2d
503, 511 (Tex.Cr.App. 1991). We have found no such grounds and agree with counsel
that the appeal is without merit and is, therefore, frivolous. Currie v. State, 516 S.W.2d
684 (Tex.Cr.App. 1974); Lacy v. State, 477 S.W.2d 577, 578 (Tex.Cr.App. 1972).

 Accordingly, counsel's motion to withdraw is hereby granted and the judgment of
the trial court is affirmed.

 Don H. Reavis

 Justice


Do not publish.
1. Tex. R. App. P. 47.2(a).
2. Anders v. California, 386 U.S. 738, 87 S.Ct. 1396, 18 L.Ed.2d 493 (1967).



assignment from a psychiatric unit to the general prison population and withdrawal
of his involuntary medication, a decision in his favor would not result in his immediate
release. That being true, he is not entitled in habeas corpus relief in state court.

 For the reasons stated, the trial court's order must be, and is hereby, affirmed.


 John T. Boyd

 Chief Justice


Publish.


1. Parenthetically, we note that in his pro se brief, relator makes no contention, nor
does he give any indication, that the medication impaired his ability to present his claims
to this court.
2. 42 U.S.C. § 1983.