NO. 07-04-0252-CR

IN THE COURT OF APPEALS

FOR THE SEVENTH DISTRICT OF TEXAS

AT AMARILLO

PANEL D

APRIL 27, 2005

_____

RONALD JOHNSON, APPELLANT

V.

THE STATE OF TEXAS, APPELLEE

_____

FROM THE 154TH DISTRICT COURT OF LAMB COUNTY;

NO. 3702; HONORABLE MARVIN MARSHALL, JUDGE

_____

Before QUINN and REAVIS and CAMPBELL, JJ.

**MEMORANDUM OPINION**

Following a not guilty plea, appellant Ronald Johnson was convicted by a jury of indecency with a child, and punishment was assessed by the jury at nine years

confinement and a $1,000 fine.  In presenting this appeal, counsel has filed an *Anders*[1] brief in support of a motion to withdraw.  We grant counsel's motion and affirm.

In support of his motion to withdraw, counsel certifies he has diligently reviewed the record and, in his opinion, the record reflects no reversible error upon which an appeal can be predicated.  Anders v. California, 386 U.S. 738, 744-45, 87 S.Ct. 1396, 18 L.Ed.2d 493 (1967); Monroe v. State, 671 S.W.2d 583, 585 (Tex.App.--San Antonio 1984, no pet.).  Thus, he concludes the appeal is frivolous.  In compliance with High v. State, 573 S.W.2d 807, 813 (Tex.Cr.App. 1978), counsel has candidly discussed why, under the controlling authorities, there is no error in the court's judgment.  Counsel has also shown that he sent a copy of the brief to appellant and informed appellant that, in counsel's view, the appeal is without merit.  In addition, counsel has demonstrated that he notified appellant of his right to review the record and file a *pro se* response if he desired to do so.  Appellant did not file a response.  Neither did the State favor us with a brief.

M.W. is appellant's daughter and was sixteen years old at the time of the incident.  On September 15, 2002, M.W. was asleep on her bed in her parent's house.  Sometime after 5:30 a.m., she felt someone touching her vaginal area under the covers.  M.W. testified that she abruptly awoke and observed appellant "touching himself" while sitting at the computer at the foot of her bed.  She pulled the covers around her tightly and went back to sleep.  Shortly thereafter, M.W. woke again and noticed her shorts and underwear

---

[1]Anders v. California, 386 U.S. 738, 87 S.Ct. 1396, 18 L.Ed.2d 493 (1967).

2

had been pulled off and saw appellant sitting at the foot of her bed revealing his penis. She confronted appellant about what he was doing and he eventually left the house. M.W. then gathered her two younger siblings and took them to her grandmother's house. The grandmother, Celia Williams, contacted the police and notified the children's mother at work.

The mother, Sherrie Williams, was the only witness called by appellant at trial. She testified that M.W. told her appellant touched her private areas while she was sleeping. She further testified that the day after the incident, she observed appellant gathering his clothes and leaving the residence on his own accord.

By his *Anders* brief, counsel concedes several grounds that could arguably support an appeal. Celia Williams testified that M.W. told her appellant tried to "fool with her" and that he was "rubbing on her stomach." However, Sherrie Williams testified that M.W. told her that appellant "touched her in her private spots." Although M.W. denied dreaming the incident and said that similar conduct had occurred before, Sherrie testified that M.W. often had difficulty sleeping and sometimes experienced nightmares where she would see a "ghost" standing by her bed. M.W. testified that she was asleep and woke only after she felt someone touch her. She also stated that all the lights in the room were off except for the computer. In addition, there is evidence that M.W. would sometimes get into arguments with appellant. Counsel admits this conflicting testimony could arguably raise a question as to factual sufficiency.

When reviewing a factual sufficiency claim, an appellate court must view all the evidence without the prism of "in the light most favorable to the prosecution" and set aside the verdict only if it is so contrary to the overwhelming weight of the evidence as to be clearly wrong and unjust. Clewis v. State, 922 S.W.2d 126, 129 (Tex.Cr.App. 1996). An appellate court must determine, considering all of the evidence in a neutral light, whether the jury was rationally justified in finding guilt beyond a reasonable doubt. Zuniga v. State, 144 S.W.3d 477, 484 (Tex.Cr.App. 2004).

We agree with counsel's conclusion that there is conflicting evidence which could be indicative of appellant's innocence. However, the jury, as trier of fact, may choose to believe all, some, or none of any witness's testimony. Sharp v. State, 707 S.W.2d 611, 614 (Tex.Cr.App. 1986). A jury's decision is not manifestly unjust merely because it resolved conflicting views of evidence in favor of the State. Cain v. State, 958 S.W.2d 404, 410 (Tex.Cr.App. 1997). Upon review of the record, we conclude the evidence was factually sufficient to support appellant's conviction beyond a reasonable doubt.

We also find that appellant was afforded effective assistance of counsel. *See* Strickland v. Washington, 466 U.S. 668, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984). *See also* Hernandez v. State, 726 S.W.2d 53, 55 (Tex.Cr.App. 1986). In his brief, counsel acknowledges that appellant's trial counsel did not object to hearsay evidence regarding what M.W. told the police, her grandmother, and her mother about appellant's actions. Furthermore, the record reflects that trial counsel may have elicited some evidence that

4

would be considered harmful to appellant's case. On the other hand, appellant's trial counsel filed and succeeded on numerous pre-trial motions, conducted proper *voir dire*, vigorously cross-examined witnesses, and moved for a directed verdict. Absent evidence regarding counsel's trial strategy and provided the presumption that trial counsel's conduct falls within the wide range of reasonable and professional representation, no reversible error is demonstrated. *See* Bone v. State, 77 S.W.3d 828, 833 (Tex.Cr.App. 2002); Mallett v. State, 65 S.W.3d 59, 63 (Tex.Cr.App. 2001).

We have made an independent examination of the entire record to determine whether there are any arguable grounds which might support this appeal. *See* Penson v. Ohio, 488 U.S. 75, 109 S.Ct. 346, 102 L.Ed.2d 300 (1988); Stafford v. State, 813 S.W.2d 503, 511 (Tex.Cr.App. 1991). We have found no such grounds and agree with counsel that the appeal is frivolous. Currie v. State, 516 S.W.2d 684 (Tex.Cr.App. 1974); Lacy v. State, 477 S.W.2d 577, 578 (Tex.Cr.App. 1972).

Accordingly, counsel's motion to withdraw is hereby granted and the judgment of the trial court is affirmed.

Don H. Reavis
Justice

Do not publish.

5