**Neal E. MONROE, Appellant,**

v.

**The STATE of Texas, Appellee.**

**No. 04–83–00390–CR.**

Court of Appeals of Texas,
San Antonio.

March 30, 1984.

Motion for Extension to File Brief
Granted May 22, 1984.

---

Allan R. Manka, San Antonio, for appellant.

Alger H. Kendall, Jr., Dist. Atty., Karnes City, for appellee.

Before ESQUIVEL, REEVES and TIJERINA, JJ.

## OPINION

PER CURIAM.

This appeal is from a conviction for the offense of attempted capital murder. Upon appellant's plea of not guilty in a trial before the court, punishment was assessed at life imprisonment in the Texas Department of Corrections.

Appellant's court-appointed attorney, who was trial counsel, has filed a brief in which he has concluded that this appeal is wholly frivolous and without merit. Counsel asserts compliance with *Anders v. California,* 386 U.S. 738, 87 S.Ct. 1396, 18 L.Ed.2d 493 (1967) and its Texas progeny. The brief submitted does not meet the minimum requirements of *Anders, High v. State,* 573 S.W.2d 807 (Tex.Crim.App.1978), or *Currie v. State,* 516 S.W.2d 684 (Tex. Crim.App.1974). It is little more than a no-merit letter filed as a brief. Such no-merit letters were condemned by the United States Supreme Court in *Anders.*

The brief submitted is actually not a proper brief at all. In his brief counsel states that he has complied with *Anders* and its Texas progeny. The brief further asserts that:

> Counsel for Appellant has thoroughly examined the record in this case with specific attention directed to the indictment, testimony of the complaining witness, testimony of the appellant, and the judgment and sentence entered in this cause. After a complete review of the record, counsel for Appellant is unable to advance any ground of error which might arguably support the appeal in this case.

The brief then discusses the evidence produced by the State and the testimony of the appellant. The brief concludes that the

punishment assessed is within the range of penalties provided.

The United States Supreme Court in *Anders v. California*, stated that:

> The constitutional requirement of substantial equality and fair process can only be attained where counsel acts in the role of an active advocate in behalf of his client, as opposed to that of amicus curiae. The no-merit letters and the procedure it triggers do not reach that dignity.... His role as advocate requires that he support his client's appeal to the best of his ability.

386 U.S. at 744, 87 S.Ct. at 1400, 18 L.Ed.2d at 498. The requirement of *Anders* will not:

> ... force appointed counsel to brief his case against his client but [will] merely afford the latter that advocacy a nonindigent defendant is able to obtain. It will also induce the court to pursue all the more vigorously its own review because of the ready references *not only to the record,* but *also to the legal authorities as furnished by counsel.* [Emphasis added.]

*Id.* at 745, 87 S.Ct. at 1400, 18 L.Ed.2d at 498.

The Court of Criminal Appeals in *High v. State,* 573 S.W.2d 807 (Tex.Crim.App.1978) set forth the minimal standards for compliance with *Anders* in contested cases where "frivolous appeal" briefs are filed. The following is the minimal standard:

(1) the brief should discuss the evidence adduced at trial, point out where pertinent testimony may be found in the record,

(2) *refer to pages in the record where objections were made, the nature of the objection, the trial court's ruling,* and

(3) *discuss either why the trial court's ruling was correct or why the appellant was not harmed.* [Emphasis added.]

In *High v. State,* Presiding Judge Onion quoted Circuit Judge (now Chief Justice) Burger's concurring opinion in *Johnson v. United States,* 360 F.2d 844 (D.C.Cir.1966) as follows:

> At the trial stage his duty is to put the prosecution to its proof, to test the case against the accused, to insist that the procedural safeguards be followed and to put forward evidence which is valid, relevant and helpful to his client. *On appeal his function is to point to trial errors, if such there be, and expound the applicable rules of law.* In short he is to "put his client's best foot forward". This does not require nor warrant his advancing absurd or legally frivolous contentions. Counsel, not the client, must make the decisions as to how to present a case. Indeed it is neither necessary nor desirable to present baseless contentions in performing his duty to expose deficiencies or frailities in the trial proceedings.
>
> Even when his trained judgment tells him that the client's cause on appeal is well nigh hopeless, *the court-appointed counsel performs an important function by making sure that the reviewing court understands all the salient facts and all the relevant legal authorities before reaching a final decision.* Although an appellate court must view the record in the light most favorable to the appellee, appellant's counsel serves both his client and the Court by bringing all record facts to the reviewers' notice. *Indeed an advocate performs a most important function when by his analysis he presents the critical issues and brings to the Court all the facts and law and is prepared to respond to questions.* [Footnotes omitted.] [Emphasis added.]

*Id.* at 846.

 Ultimately it is the appellate court's duty to decide whether the appeal is wholly frivolous. *Anders,* 386 U.S. at 744, 87 S.Ct. at 1400, 18 L.Ed.2d at 498; *High v. State,* 573 S.W.2d at 811. *Anders,* however, does not require the court to do the job of appellant's attorney by briefing the case. Counsel's brief must contain *ready references to the record and to the legal*

*authorities relied upon by counsel in reaching his conclusion in order to assist the appellate court in its review of the merits of the appeal.* Anders, 386 U.S. at 745, 87 S.Ct. at 1400, 18 L.Ed.2d at 498; *High v. State,* 573 S.W.2d at 811. We realize that there are cases in which counsel cannot, in good faith, advance any arguable grounds of error. Yet even in those instances counsel is required to file a brief containing "a professional evaluation of the record demonstrating why, in effect, there are no arguable grounds to be advanced." *Currie v. State,* 516 S.W.2d at 684. In the instant case, counsel reviewed the testimony concluding that he was unable to advance any ground of error which might arguably support the appeal, but, failed to point to trial errors, if any, and expound the applicable rules of law to provide this Court with a professional evaluation which demonstrates why there are no arguable grounds of error to be advanced. His duty to his client and to this Court requires a brief meeting the standards of *Anders, High* and *Currie.*

This appeal is abated and remanded to the trial court for the purpose of conducting a hearing on counsel's failure to file an appellate brief meeting the minimum requirements of *Anders, High* and *Currie.* If counsel fails or refuses to perform as required, the trial court has the power to punish for contempt under TEX.REV.CIV. STAT.ANN. art. 1911a (Vernon Supp.1984), or to elect other options set out in *Guillory v. State,* 557 S.W.2d 118, 121 (Tex.Crim. App.1977). The trial court is instructed to hold the hearing, as soon as practical, so that an appellate brief meeting the requirements of the above cited cases will be filed no later than 4:00 p.m. on May 14, 1984, with the Clerk of this Court.

It is ordered that the Clerk will give notice to appointed counsel by mail addressed to counsel at his address shown in our record. It is further ordered that the Clerk will send a copy of this Opinion to appellant, Neal E. Monroe, by mail addressed to appellant at the Texas Department of Corrections as shown in our record.

Accordingly, the appeal is abated and remanded to the trial court with instructions as set forth in this opinion.