NO. 07-01-0082-CR

IN THE COURT OF APPEALS

FOR THE SEVENTH DISTRICT OF TEXAS

AT AMARILLO

PANEL A

NOVEMBER 29, 2001

_____

CHRISTOPHER D. BROWN, APPELLANT

V.

THE STATE OF TEXAS, APPELLEE

_____

FROM THE 137TH DISTRICT COURT OF LUBBOCK COUNTY;

NO. 99-431758; HONORABLE CECIL G. PURYEAR, JUDGE

_____

Before BOYD, C.J., and REAVIS and JOHNSON, JJ.

Upon a plea of guilty, on July 27, 2000, appellant Christopher D. Brown was convicted of possession of a controlled substance, a state jail felony, and punishment was assessed at 18 months confinement. The trial court suspended the imposition of sentence and placed appellant on community supervision. Upon the State's motion to revoke for alleged violations of the terms and conditions of community supervision, the trial court

conducted a hearing. After evidence was presented, appellant's community supervision was revoked and the original sentence of 18 months confinement was imposed. In presenting this appeal, counsel has filed an *Anders*[1] brief in support of a motion to withdraw. Based upon the rationale expressed herein, the motion to withdraw is granted and the judgment is affirmed.

In support of his motion to withdraw, counsel has certified that he has diligently reviewed the record and, in his opinion, the record reflects no reversible error or grounds upon which an appeal can be predicated. Anders v. California, 386 U.S. 738, 744-45, 87 S.Ct. 1396, 18 L.Ed.2d 493 (1967); Monroe v. State, 671 S.W.2d 583, 585 (Tex.App.--San Antonio 1984, no pet.). Thus, he concludes the appeal is frivolous and without merit. In compliance with High v. State, 573 S.W.2d 807, 813 (Tex.Cr.App. 1978), counsel has candidly discussed why, under the controlling authorities, there is no error in the court's judgment. Counsel has also shown that he sent a copy of the brief to appellant, and informed appellant that, in counsel's view, the appeal is without merit. In addition, counsel has demonstrated that he notified appellant of his right to review the record and file a *pro se* brief if he desired to do so. Appellant did not file a *pro se* brief and the State did not favor us with a brief.

---

[1]Anders v. California, 386 U.S. 738, 87 S.Ct. 1396, 18 L.Ed.2d 493 (1967).

At the hearing on the State's motion to revoke appellant entered a plea of not true to the allegations and the State presented evidence of the violations. A community supervision officer testified that appellant violated the conditions of his community supervision by failing:

- to report for the month of September 2000;
- to provide proof of employment;
- to complete Life Skills and Employment Education classes;
- to pay court costs for September 2000;
- to pay community supervision fees for September 2000;
- to pay restitution for September 2000;
- to report to the community supervision office twice daily when not gainfully employed; and
- to pay attorney's fees for September 2000.

Officers Robert Garza and Morene Pair of the Texas Tech Police Department testified that appellant evaded arrest on September 11, 2000, after an attempted theft was reported on campus. At the conclusion of the evidence the trial court found that appellant had violated numerous conditions and revoked community supervision.

Counsel presents one arguable issue by which he contends the trial court abused its discretion in revoking appellant's community supervision. When reviewing an order revoking community supervision, the sole question before this Court is whether the trial court abused its discretion. Jackson v. State, 645 S.W.2d 303, 305 (Tex.Cr.App. 1983).

3

In a revocation proceeding, the State must prove by a preponderance of the evidence that appellant violated a condition of community supervision. One sufficient ground for revocation supports the trial court's order. Moore v. State, 605 S.W.2d 924, 925 (Tex.Cr.App. 1980). The evidence presented by the State established by a preponderance of the evidence that appellant violated numerous conditions of his community supervision. Thus, the trial court did not abuse its discretion in revoking his community supervision and imposing the original sentence of 18 years confinement.

We have also made an independent examination of the entire record to determine whether there are any arguable grounds which might support the appeal. *See* Penson v. Ohio, 488 U.S. 75, 109 S.Ct. 346, 102 L.Ed.2d 300 (1988); Stafford v. State, 813 S.W.2d 503, 511 (Tex.Cr.App. 1991). We have found no such grounds and agree with counsel that the appeal is without merit and is, therefore, frivolous. Currie v. State, 516 S.W.2d 684 (Tex.Cr.App. 1974); Lacy v. State, 477 S.W.2d 577, 578 (Tex.Cr.App. 1972).

Accordingly, counsel's motion to withdraw is hereby granted and the judgment of the trial court is affirmed.

Don H. Reavis<br>
Justice

Do not publish.