NO. 07-01-0173-CR

IN THE COURT OF APPEALS

FOR THE SEVENTH DISTRICT OF TEXAS

AT AMARILLO

PANEL A

MARCH 19, 2002

_____

WYNSDELL DAVIS, APPELLANT

V.

THE STATE OF TEXAS, APPELLEE

_____

FROM THE 110TH DISTRICT COURT OF FLOYD COUNTY;

NO. 3981; HONORABLE JOHN R. HOLLUMS, JUDGE

_____

Before BOYD, C.J., and REAVIS and JOHNSON, JJ.

Pursuant to a plea of not guilty, appellant Wynsdell Davis was convicted by a jury of delivery of a controlled substance and punishment was assessed by the trial court at five years confinement and a $500 fine. In presenting this appeal, counsel has filed an

*Anders*[1] brief in support of a motion to withdraw. Based upon the rationale expressed herein, we affirm.

In support of his motion to withdraw, counsel has certified that he has diligently reviewed the record and, in his opinion, the record reflects no reversible error or grounds upon which an appeal can be predicated. Anders v. California, 386 U.S. 738, 744-45, 87 S.Ct. 1396, 18 L.Ed.2d 493 (1967); Monroe v. State, 671 S.W.2d 583, 585 (Tex.App.--San Antonio 1984, no pet.). Thus, he concludes the appeal is frivolous and without merit. In compliance with High v. State, 573 S.W.2d 807, 813 (Tex.Cr.App. 1978), counsel has candidly discussed why, under the controlling authorities, there is no error in the court's judgment. Counsel has also shown that he sent a copy of the brief to appellant, and informed appellant that, in counsel's view, the appeal is without merit. In addition, counsel has demonstrated that he notified appellant of his right to review the record and file a *pro se* brief if he desired to do so. Appellant did not file a *pro se* brief. By its brief, the State contends the evidence is legally and factually sufficient to sustain the verdict.

A review of the evidence establishes that on January 13, 2001, at the request of Police Chief Darrell Gooch, Officer Manuel Reyna of the South Plains Narcotics Task Force, traveled to Floydada, Texas, to assist in a drug transaction. Reyna and an informant drove to a residence to inquire about a cocaine purchase. Reyna was wearing

---

[1]Anders v. California, 386 U.S. 738, 87 S.Ct. 1396, 18 L.Ed.2d 493 (1967).

a transmitter and remained in an unmarked police car while the informant walked up to the residence. Lourie Buchanan and a female named Ella came out of the residence and Ella drove away. Ten to twelve minutes after Ella drove away, a blue car driven by appellant arrived. Appellant spoke to the informant and the informant waived Officer Reyna toward appellant's car. Reyna was positioned on the passenger's side with the door open and his body partially leaning inside the car. After exchanging greetings, appellant placed a clear plastic bag containing cocaine on the passenger's seat. Reyna inquired how many rocks of cocaine were in the bag and paid $150. Appellant directed Reyna to place the money on the seat, and after he counted the money the transaction was concluded. Appellant was allowed to leave and was not arrested until several months later when indicted by a grand jury.

As an arguable ground counsel questions the legal and factual sufficiency of the evidence to support appellant's conviction. However, after a discussion of the evidence and legal authorities, counsel concedes that no reversible error is presented. When both the legal and factual sufficiency of the evidence are challenged, we must first determine whether the evidence is legally sufficient to support the verdict. Clewis v. State, 922 S.W.2d 126, 133 (Tex.Cr.App. 1996). In conducting a legal sufficiency review, we must determine whether, after viewing the evidence in the light most favorable to the prosecution, any rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt. Jackson v. Virginia, 443 U.S. 307, 318, 99 S.Ct. 2781, 2789,

61 L.Ed.2d 560, 573 (1979); Geesa v. State, 820 S.W.2d 154, 157 (Tex.Cr.App. 1991), *overruled on other grounds*, Paulson v. State, 28 S.W.3d 570, 573 (Tex.Cr.App. 2000). As an appellate court, we may not sit as a thirteenth juror, but must uphold the jury's verdict unless it is irrational or unsupported by more than a mere modicum of evidence. Moreno v. State, 755 S.W.2d 866, 867 (Tex.Cr.App. 1988).

After conducting a legal sufficiency review under *Jackson*, we may proceed with a factual sufficiency review. *Clewis*, 922 S.W.2d at 133. The Court of Criminal Appeals has directed us to ask whether a neutral review of all the evidence, both for and against the finding, demonstrates that the proof of guilt is so obviously weak as to undermine confidence in the fact finder's determination, or the proof of guilt, although adequate if taken alone, is greatly outweighed by contrary proof. Johnson v. State, 23 S.W.3d 1, 11 (Tex.Cr.App. 2000) (adopting complete civil factual sufficiency formulation); *see also* King v. State, 29 S.W.3d 556, 563 (Tex.Cr.App. 2000). In conducting this analysis, we may disagree with the jury's determination, even if probative evidence supports the verdict, but must avoid substituting our judgment for that of the fact finder. *See* Santellan v. State, 939 S.W.2d 155, 164 (Tex.Cr.App. 1997).

Before determining whether the evidence is legally sufficient to sustain the conviction, we must review the essential elements the State was required to prove. Appellant was convicted of delivery of one gram but less than four grams of cocaine. Tex. Health & Safety Code Ann. § 481.112(c) (Vernon Pamph. Supp. 2002). Deliver means to

transfer, knowingly or intentionally, to another a controlled substance. § 481.002(8). The State presented four witnesses whose testimonies established appellant's guilt. Officer Reyna testified that while wearing a transmitter, he purchased crack cocaine from appellant for $150. Floydada's Chief of Police, Darrell Gooch, testified that he was nearby monitoring the transaction with a handheld radio and recognized appellant's voice. He explained that he and appellant had grown up together and played football in high school. The defense attempted to show that Gooch had not been in contact with appellant for approximately 16 years. However, Gooch testified that he was very familiar with appellant's voice and immediately recognized it. Officer Jonny Hutson, also a member of the task force, testified that his assignment was to record the transaction. He authenticated the tape recording and explained that interference caused portions of it to be garbled; but the garbled portions occurred prior to the conversation between appellant and Officer Reyna. By its final witness, a Department of Public Safety expert, the State established that appellant delivered 1.26 grams of cocaine, including dilutants and adulterants, to Reyna. The defense did not present any evidence. Viewing the evidence under *Jackson*, we conclude it is legally sufficient to support the verdict

Concluding that the evidence is legally sufficient to support the verdict, we must now determine, after a neutral review of all the evidence, whether it is factually sufficient to support the verdict. *Johnson*, 23 S.W.3d at 11. It is the exclusive province of the fact finder to determine the credibility of the witnesses and the weight to be given their

5

testimony.   Johnson v. State, 571 S.W.2d 170, 173 (Tex.Cr.App. 1978); Armstrong v. State, 958 S.W.2d 278, 284 (Tex.App.--Amarillo 1997, pet. ref'd).

As previously noted, the State established that appellant delivered cocaine to Officer Reyna by placing a plastic bag on the passenger's side of appellant's car in exchange for $150.   Reyna identified appellant at trial as the person from whom he purchased the cocaine.   Although he had never met appellant, he was close enough in proximity to him during the transaction to identify him at trial.   Further, Chief Gooch knew appellant well enough to identify his voice immediately.   Although he had not been in close contact with appellant for many years, he did have casual encounters with him when he visited Floydada.   After reviewing all the record evidence under *Johnson*, 23 S.W.3d at 11, and without substituting our own judgment, we conclude that the evidence is factually sufficient to support the verdict.

We have also made an independent examination of the entire record to determine whether there are any arguable grounds which might support the appeal.  *See*  Penson v. Ohio, 488 U.S. 75, 109 S.Ct. 346, 102 L.Ed.2d 300 (1988); Stafford v. State, 813 S.W.2d 503, 511 (Tex.Cr.App. 1991).   We have found no such grounds and agree with counsel that the appeal is without merit and is, therefore, frivolous.   Currie v. State, 516 S.W.2d 684 (Tex.Cr.App. 1974); Lacy v. State, 477 S.W.2d 577, 578 (Tex.Cr.App. 1972).

Accordingly, counsel's motion to withdraw is hereby granted and the judgment of the trial court is affirmed.

Don H. Reavis<br>Justice

Do not publish.