NO. 07-01-0438-CR

IN THE COURT OF APPEALS

FOR THE SEVENTH DISTRICT OF TEXAS

AT AMARILLO

PANEL D

JUNE 28, 2002

_____

COLLIE B. WILLARD, III, APPELLANT

V.

THE STATE OF TEXAS, APPELLEE

_____

FROM THE 140TH DISTRICT COURT OF LUBBOCK COUNTY;

NO. 95-420,722; HONORABLE JIM BOB DARNELL, JUDGE

_____

Before BOYD, C.J., and QUINN and REAVIS, JJ.

Pursuant to a plea bargain,[1] on September 30, 1997, appellant Collie B. Willard, III was convicted of possession of a controlled substance and punishment was assessed at five years confinement, suspended. Upon the State's second amended motion to revoke appellant's community supervision for violations of the conditions thereof, on August 23,

_____

[1]The criminal docket sheet included in the clerk's record reflects that appellant entered into a plea bargain agreement.

2001, the trial court revoked community supervision and assessed punishment at four years confinement. Appellant filed a general notice of appeal challenging the trial court's judgment. In presenting this appeal, counsel has filed an *Anders*[2] brief in support of a motion to withdraw. Based upon the rationale expressed herein, the appeal is dismissed for want of jurisdiction.

In support of his motion to withdraw, counsel has certified that he has diligently reviewed the record and, in his opinion, the record reflects no reversible error or grounds upon which an appeal can be predicated. Anders v. California, 386 U.S. 738, 744-45, 87 S.Ct. 1396, 18 L.Ed.2d 493 (1967); Monroe v. State, 671 S.W.2d 583, 585 (Tex.App.--San Antonio 1984, no pet.). Thus, he concludes the appeal is frivolous and without merit. In compliance with High v. State, 573 S.W.2d 807, 813 (Tex.Cr.App. 1978), counsel has candidly discussed why, under the controlling authorities, there is no error in the court's judgment. Counsel has also shown that he sent a copy of the brief to appellant, and informed appellant that, in counsel's view, the appeal is without merit. In addition, counsel has demonstrated that he notified appellant of his right to review the record and file a *pro se* brief if he desired to do so. Appellant did not file a *pro se* brief nor did the State favor us with a brief.

Appellate jurisdiction is invoked by filing a timely and proper notice of appeal. *See* State v. Riewe, 13 S.W3d 408, 410 (Tex.Cr.App. 2000). To perfect an appeal from a

---

[2]Anders v. California, 386 U.S. 738, 87 S.Ct. 1396, 18 L.Ed.2d 493 (1967).

2

judgment that was rendered on a defendant's guilty plea and in which the punishment assessed did not exceed the punishment recommended by the prosecutor and agreed to by the defendant, a notice of appeal must (a) specify that the appeal is for a jurisdictional defect; (b) specify that the substance of the appeal was raised by written motion and ruled on before trial; or (c) state that the trial court granted permission to appeal. Tex. R. App. P. 25.2(b)(3); *see also* White v. State, 61 S.W.3d 424, 428-29 (Tex.Cr.App. 2001) (holding that the notice requirements set forth in Rule 25.2(b)(3) should be interpreted according to their plain meaning and that failing to meet the requirements fails to invoke the jurisdiction of an appellate court); *see also* Vidaurri v. State, 49 S.W.3d 880, 884 (Tex.Cr.App. 2001) (holding that the notice of appeal limitations of Rule 25.2(b)(3) apply to an appeal from a conviction rendered on a guilty plea with agreed punishment).

Appellant's notice of appeal does not contain any of the requirements set forth in Rule 25.2(b)(3) necessary to invoke this Court's jurisdiction over his conviction. Thus, our jurisdiction has not been invoked and the appeal must be dismissed. Accordingly, the appeal is dismissed for want of jurisdiction and we are without jurisdiction to rule on counsel's motion to withdraw.

Don H. Reavis
Justice

Do not publish.

3