NO. 07-04-0371-CR

IN THE COURT OF APPEALS

FOR THE SEVENTH DISTRICT OF TEXAS

AT AMARILLO

PANEL D

MAY 25, 2005

_____

RODOLFO REYES, JR., APPELLANT

V.

THE STATE OF TEXAS, APPELLEE

_____

FROM THE 242ND DISTRICT COURT OF HALE COUNTY;

NO. B 15395-0402; HONORABLE ED SELF, JUDGE

_____

Before QUINN, C.J., and REAVIS and CAMPBELL, JJ.

**MEMORANDUM OPINION**

Following a not guilty plea, appellant Rodolfo Reyes, Jr. was convicted by a jury of

possession of a controlled substance, and punishment was assessed at twenty months

confinement in a state jail facility.  In presenting this appeal, counsel has filed an *Anders*[1] brief in support of a motion to withdraw.  We grant counsel's motion and affirm.

In support of his motion to withdraw, counsel certifies he has diligently reviewed the record and, in his opinion, the record reflects no reversible error upon which an appeal can be predicated.  Anders v. California, 386 U.S. 738, 744-45, 87 S.Ct. 1396, 18 L.Ed.2d 493 (1967); Monroe v. State, 671 S.W.2d 583, 585 (Tex.App.--San Antonio 1984, no pet.).  Thus, he concludes the appeal is frivolous.  In compliance with High v. State, 573 S.W.2d 807, 813 (Tex.Cr.App. 1978), counsel has candidly discussed why, under the controlling authorities, there is no error in the court's judgment.  Counsel has also shown that he sent a copy of the brief to appellant and informed appellant that, in counsel's view, the appeal is without merit.  In addition, counsel has demonstrated that he notified appellant of his right to review the record and file a *pro se* response if he desired to do so.  Appellant subsequently filed a *pro se* response.  The State did not favor us with a brief.

On January 31, 2004, Officer Brian Morris began following appellant's vehicle after it was observed leaving a residence in a known drug trafficking area.  Shortly thereafter, he stopped appellant for failing to signal continuously for one hundred feet prior to making a turn.  During the stop, Officer Morris obtained consent to search appellant's vehicle.  At the same time, Detective Ramiro Sanchez arrived at the scene and began questioning appellant near the rear of the vehicle.  Detective Sanchez searched appellant's hat and

---

[1]Anders v. California, 386 U.S. 738, 87 S.Ct. 1396, 18 L.Ed.2d 493 (1967).

2

discovered a rock of cocaine behind the inside lining. Appellant was arrested and charged for possession of cocaine in an amount of less than one gram. After hearing the evidence, a jury found him guilty of possession of a controlled substance and sentenced him to twenty months confinement. Appellant subsequently filed a notice of appeal.

By his *Anders* brief, counsel does not advance any arguable grounds for appeal. However, by his *pro se* brief, appellant questions the legality of the traffic stop. The jury was properly instructed that an officer may temporarily detain a motorist if the officer has reasonable suspicion based upon articulable facts which, when combined with reasonable inferences from those facts, leads him to conclude that a person detained is, has been, or soon will be engaged in criminal activity. *See, e.g.,* United States v. Cortez, 449 U.S. 411, 421-22, 101 S. Ct. 690, 697, 66 L.Ed.2d 621 (1981); Davis v. State, 947 S.W.2d 240, 244 (Tex.Cr.App. 1997). Such a determination is based upon the totality of the circumstances, and there is no requirement that a particular statute be violated to give rise to reasonable suspicion. Texas Dept. of Public Safety v. Bell, 11 S.W.3d 282, 284 (Tex.App.–San Antonio 1999, no pet.). Evidence obtained or derived as a result of an unlawful stop and detention is not admissible in evidence. *See* Tex. Code Crim. Proc. Ann. art. 38.23(a) (Vernon 2005).

Here, Officer Morris testified he initially suspected drug activity and began following appellant after he observed appellant drive away from a known "crackhouse" shortly after midnight in a "high narcotics area." However, Morris testified that he would not have

stopped appellant unless he saw appellant commit a violation of the law. The officer stopped appellant after observing his failure to signal continuously for at least one hundred feet before making a turn as required by section 545.104(b) of the Transportation Code. Tex. Transp. Code Ann. § 545.104(b) (Vernon 1999). Based on the circumstances presented, we find that Officer Morris was justified in making an investigatory stop because he had reasonable suspicion that appellant had committed a traffic offense.

A review of the record reveals there is conflicting testimony as to whether appellant actually activated his turn signal prior to stopping at the intersection and as to whether appellant consented to the search of his hat. However, the jury, as trier of fact, may choose to believe all, some, or none of any witness's testimony. Sharp v. State, 707 S.W.2d 611, 614 (Tex.Cr.App. 1986). A jury's decision is not manifestly unjust merely because it resolved conflicting views of evidence in favor of the State. Cain v. State, 958 S.W.2d 404, 410 (Tex.Cr.App. 1997).

We have made an independent examination of the entire record to determine whether there are any arguable grounds which might support this appeal. *See* Penson v. Ohio, 488 U.S. 75, 109 S.Ct. 346, 102 L.Ed.2d 300 (1988); Stafford v. State, 813 S.W.2d 503, 511 (Tex.Cr.App. 1991). We have found no such grounds and agree with counsel that the appeal is frivolous. Currie v. State, 516 S.W.2d 684 (Tex.Cr.App. 1974); Lacy v. State, 477 S.W.2d 577, 578 (Tex.Cr.App. 1972).

4

Accordingly, counsel's motion to withdraw is hereby granted and the judgment of the trial court is affirmed.

                                                Don H. Reavis
                                                    Justice

Do not publish.