NO. 07-05-0279-CR

IN THE COURT OF APPEALS

FOR THE SEVENTH DISTRICT OF TEXAS

AT AMARILLO

PANEL C

APRIL 10, 2006

_____

THOMAS EDWARD JARAMILLO, APPELLANT

V.

THE STATE OF TEXAS, APPELLEE

_____

FROM THE 108TH DISTRICT COURT OF POTTER COUNTY;

NO. 49,551-E; HONORABLE ABE LOPEZ, JUDGE

_____

Before QUINN, C.J., and REAVIS and HANCOCK, JJ.

**MEMORANDUM OPINION**

Following a not guilty plea, appellant Thomas Edward Jaramillo was convicted by

a jury of aggravated sexual assault of a child and punishment was assessed at 30 years

confinement. In presenting this appeal, counsel has filed an *Anders*[1] brief in support of a motion to withdraw. We grant counsel's motion and affirm.

In support of his motion to withdraw, counsel certifies he has diligently reviewed the record and, in his opinion, the record reflects no reversible error upon which an appeal can be predicated. Anders v. California, 386 U.S. 738, 744-45, 87 S.Ct. 1396, 18 L.Ed.2d 493 (1967); Monroe v. State, 671 S.W.2d 583, 585 (Tex.App.--San Antonio 1984, no pet.). Thus, he concludes the appeal is frivolous. Counsel has candidly discussed why, under the controlling authorities, there is no error in the court's judgment. *See* High v. State, 573 S.W.2d 807, 813 (Tex.Cr.App. 1978). Counsel has also shown that he sent a copy of the brief to appellant and informed appellant that, in counsel's view, the appeal is without merit. In addition, counsel has demonstrated that he notified appellant of his right to review the record and file a *pro se* response if he desired to do so. The Clerk of this Court has also advised appellant by letter of his right to file a response to counsel's brief. Appellant did not file a response. Neither did the State favor us with a brief.

The victim, a five-year-old girl, was residing with her maternal grandmother, who was living with appellant. On a visit with her paternal grandmother, the victim told her appellant had abused her and caused her private parts to hurt. Appellant was accused of penetrating the victim's sexual organ with his finger, tongue, and a pink sex toy. After authorities were notified, the victim was questioned and videotaped by a forensic

---

[1]Anders v. California, 386 U.S. 738, 87 S.Ct. 1396, 18 L.Ed.2d 493 (1967).

interviewer. She was also examined on two separate occasions by sexual assault nurses. The exams showed chronic trauma and thinning and irregular borders of the hymen caused by repetitive penetration. According to one of the nurses, the victim was too young to have full exposure of her vaginal opening.

Tests were conducted by a DNA analyst on two sex toys to compare against DNA samples of the victim, maternal grandmother, and appellant. The victim's DNA was not detected; however, the analyst offered explanations for its absence. DNA can degrade, be overwhelmed by another person's DNA, or it is possible for a person not to deposit skin cells on an object.

The defense attempted to show through vigorous cross-examination that the victim's father could have been the abuser, and at one time, the victim did accuse him. She later recanted, and the forensic interviewer believed she was manipulated into accusing her father by her jealous mother.

Appellant testified in his own defense and denied any sexual contact with the victim. He explained he had been a good provider for the victim as well as her grandmother.

In addition to arguable grounds raised by counsel, we have independently examined the entire record to determine whether there are any non-frivolous grounds which might support the appeal. *See* Penson v. Ohio, 488 U.S. 75, 109 S.Ct. 346, 102 L.Ed.2d 300 (1988); Stafford v. State, 813 S.W.2d 503, 511 (Tex.Cr.App. 1991). We have found no

such grounds. After reviewing the record and counsel's brief, we agree with counsel that the appeal is frivolous. *See* Bledsoe v. State, 178 S.W.3d 824 (Tex.Cr.App. 2005).

Accordingly, counsel's motion to withdraw is granted and the trial court's judgment is affirmed.

Don H. Reavis
Justice

Do not publish.