NO. 07-05-0279-CR



IN THE COURT OF APPEALS



FOR THE SEVENTH DISTRICT OF TEXAS



AT AMARILLO



PANEL C



APRIL 10, 2006



______________________________




THOMAS EDWARD JARAMILLO, APPELLANT



V.



THE STATE OF TEXAS, APPELLEE




_________________________________



FROM THE 108TH DISTRICT COURT OF POTTER COUNTY;



NO. 49,551-E; HONORABLE ABE LOPEZ, JUDGE



_______________________________



Before QUINN, C.J., and REAVIS and HANCOCK, JJ.

MEMORANDUM OPINION


 Following a not guilty plea, appellant Thomas Edward Jaramillo was convicted by
a jury of aggravated sexual assault of a child and punishment was assessed at 30 years
confinement. In presenting this appeal, counsel has filed an Anders (1) brief in support of a
motion to withdraw. We grant counsel's motion and affirm.

 In support of his motion to withdraw, counsel certifies he has diligently reviewed the
record and, in his opinion, the record reflects no reversible error upon which an appeal can
be predicated. Anders v. California, 386 U.S. 738, 744-45, 87 S.Ct. 1396, 18 L.Ed.2d 493
(1967); Monroe v. State, 671 S.W.2d 583, 585 (Tex.App.--San Antonio 1984, no pet.).
Thus, he concludes the appeal is frivolous. Counsel has candidly discussed why, under
the controlling authorities, there is no error in the court's judgment. See High v. State, 573
S.W.2d 807, 813 (Tex.Cr.App. 1978). Counsel has also shown that he sent a copy of the
brief to appellant and informed appellant that, in counsel's view, the appeal is without merit. 
In addition, counsel has demonstrated that he notified appellant of his right to review the
record and file a pro se response if he desired to do so. The Clerk of this Court has also
advised appellant by letter of his right to file a response to counsel's brief. Appellant did
not file a response. Neither did the State favor us with a brief.

 The victim, a five-year-old girl, was residing with her maternal grandmother, who
was living with appellant. On a visit with her paternal grandmother, the victim told her
appellant had abused her and caused her private parts to hurt. Appellant was accused of
penetrating the victim's sexual organ with his finger, tongue, and a pink sex toy. After
authorities were notified, the victim was questioned and videotaped by a forensic
interviewer. She was also examined on two separate occasions by sexual assault nurses. 
The exams showed chronic trauma and thinning and irregular borders of the hymen
caused by repetitive penetration. According to one of the nurses, the victim was too young
to have full exposure of her vaginal opening. 

 Tests were conducted by a DNA analyst on two sex toys to compare against DNA
samples of the victim, maternal grandmother, and appellant. The victim's DNA was not
detected; however, the analyst offered explanations for its absence. DNA can degrade,
be overwhelmed by another person's DNA, or it is possible for a person not to deposit skin
cells on an object. 

 The defense attempted to show through vigorous cross-examination that the victim's
father could have been the abuser, and at one time, the victim did accuse him. She later
recanted, and the forensic interviewer believed she was manipulated into accusing her
father by her jealous mother. 

 Appellant testified in his own defense and denied any sexual contact with the victim. 
He explained he had been a good provider for the victim as well as her grandmother. 

 In addition to arguable grounds raised by counsel, we have independently examined
the entire record to determine whether there are any non-frivolous grounds which might
support the appeal. See Penson v. Ohio, 488 U.S. 75, 109 S.Ct. 346, 102 L.Ed.2d 300
(1988); Stafford v. State, 813 S.W.2d 503, 511 (Tex.Cr.App. 1991). We have found no
such grounds. After reviewing the record and counsel's brief, we agree with counsel that
the appeal is frivolous. See Bledsoe v. State, 178 S.W.3d 824 (Tex.Cr.App. 2005).

 Accordingly, counsel's motion to withdraw is granted and the trial court's judgment
is affirmed.

 Don H. Reavis

 Justice


Do not publish.
1. Anders v. California, 386 U.S. 738, 87 S.Ct. 1396, 18 L.Ed.2d 493 (1967).