NO. 07-05-0467-CR

IN THE COURT OF APPEALS

FOR THE SEVENTH DISTRICT OF TEXAS

AT AMARILLO

PANEL C

AUGUST 15, 2006

______________________________

DANIEL W. BAGBY, APPELLANT

V.

THE STATE OF TEXAS, APPELLEE

_________________________________

FROM THE 137TH DISTRICT COURT OF LUBBOCK COUNTY;

NO. 2005-410093; HONORABLE CECIL G. PURYEAR, JUDGE

_______________________________

Before QUINN, C.J., and REAVIS and HANCOCK, JJ.

MEMORANDUM OPINION

Following a plea of not guilty, appellant Daniel W. Bagby was convicted by a jury of aggravated assault on a public servant, enhanced, and sentenced to 40 years confinement.  
In presenting this appeal, counsel has filed an 
Anders
(footnote: 1) brief in support of a motion to withdraw.  We grant counsel’s motion and affirm.

In support of her motion to withdraw, counsel certifies she has diligently reviewed the record and, in her opinion, the record reflects no reversible error upon which an appeal can be predicated.  Anders v. California, 386 U.S. 738, 744-45, 87 S.Ct. 1396, 18 L.Ed.2d 493 (1967); Monroe v. State, 671 S.W.2d 583, 585 (Tex.App.--San Antonio 1984, no pet.).
 Thus, she concludes the appeal is frivolous.  Counsel has candidly discussed why, under the controlling authorities, there is no error in the court's judgment.
  
See
 High v. State, 573 S.W.2d 807, 813 (Tex.Cr.App. 1978).  Counsel has also shown that she sent a copy of the brief to appellant and informed appellant that, in counsel's view, the appeal is without merit.  In addition, counsel has demonstrated that she notified appellant of his right to review the record and file a 
pro se
 response if he desired to do so.  The Clerk of this Court has also advised appellant by letter of his right to file a response to counsel’s brief.  Appellant did not file a
 
response.  Neither did the State favor us with a brief.

Detective Billy Koontz was traveling in his vehicle while off duty when he observed appellant walk into traffic to attempt to enter several vehicles that were stopped for a traffic signal.  He yelled at appellant, but from his location in traffic was unable to confront him.  He contacted Officer Eric Tijerina, who was on duty in the area, to investigate the suspect.

When Tijerina arrived at the location, he did not immediately see appellant and drove up and down the area until he was approached by witnesses who advised him of the direction in which appellant fled.  Tijerina parked his vehicle and proceeded on foot to a parking lot where appellant was crouched between two vehicles.  According to Tijerina, who was outfitted with a department-issued vest displaying “POLICE” in bold white letters, when he and appellant noticed each other simultaneously, appellant lunged at him with a pocket knife.  Tijerina was able to grab appellant’s arm and subdue him.  Appellant was arrested and charged with aggravated assault on a public servant.

When Detective Koontz testified at trial, he referenced a police report generated by him just days after the incident.  Although the report was not introduced into evidence, Koontz testified he observed appellant head southwest of where he first observed him attempt to enter vehicles.  Tijerina, however, testified appellant was apprehended in a location indicating a different direction than reflected in Koontz’s report.

After Koontz testified, appellant’s counsel moved for mistrial for a 
Brady
(footnote: 2) violation asserting that Koontz’s report was not in the case file when he had reviewed it three to four  days earlier pursuant to the District Attorney’s open-file policy.  Counsel argued the report was an exculpatory document that contradicted Tijerina’s version of the incident.  The motion for mistrial was denied.

Counsel raises one arguable point, to-wit: the trial court erred in denying appellant’s motion for mistrial based on the State’s failure to disclose impeachment and exculpatory evidence.  Counsel then concedes that under the test for determining whether a 
Brady
 violation occurred, there was no failure to disclose favorable evidence that could have resulted in a different outcome.  
See
 Little v. State, 991 S.W.2d 864, 866 (Tex.Cr.App. 1999).  We agree with counsel that the trial court did not abuse its discretion in denying appellant’s motion for mistrial.  
See
 Kipp v. State, 876 S.W.2d 330, 339 (Tex.Cr.App. 1994).

We have independently examined the entire record to determine whether there are any non-frivolous grounds which might support the appeal.  
See
  Penson v. Ohio, 488 U.S. 75, 109 S.Ct. 346, 102 L.Ed.2d 300 (1988); Stafford v. State, 813 S.W.2d 503, 511 (Tex.Cr.App. 1991).  We have found no such grounds.  After reviewing the record and  counsel’s brief,
 we agree with counsel that the appeal is frivolous.  
See
 Bledsoe v. State, 178 S.W.3d 824 (Tex.Cr.App. 2005).

Accordingly, counsel's motion to withdraw is granted and the trial court’s judgment is affirmed.

Don H. Reavis

    Justice

Do not publish.
two:   Denial of motion for continuance

Appellant contends that the trial court erred in refusing to grant her motion for continuance because the witness was material to appellant’s defense.  Appellant filed her first motion for continuance on the morning of trial, March 31, 2004.  At that time, appellant informed the court that the basis of the motion for continuance was that Levone Madden, the subject of the bench warrant, was not available for trial.  Appellant informed the court that she did not become aware that Madden was not available until a week prior to trial.

A trial court’s ruling on a motion for continuance is reviewed for an abuse of discretion.  Art. 29.06; 
Wright v. State
, 28 S.W.3d 526, 532 (Tex.Crim.App. 2000).  Further, in order to show an abuse of discretion, appellant must show that the denial of her motion resulted in actual prejudice. 
Id
.  To be entitled to such a continuance, appellant must comply with all statutory prerequisites.  
Gentry v. State
, 770 S.W.2d 780, 786 (Tex.Crim.App. 1988) (en banc).  Under art. 29.06, a motion for continuance based on an absent witness must state (1) the name of the witness and his residence, (2) the diligence used to procure his attendance, (3) the facts expected to be proven by the witness such that it appears to the court that the witness is material, (4) that the witness’s absence is not the result of appellant’s action, (5) that motion is not for delay, and (6) that there is no reasonable expectation that attendance of the witness can be secured for the present trial setting.  
Further, such a motion for continuance must be in writing, 
see
 art. 29.03, and sworn to by a person having personal knowledge of the facts relied on for the continuance, 
see
 art. 29.08.  Appellant’s first motion for continuance failed to state (1) name and address of the witness, (2) the diligence used to procure his attendance, (3) the facts expected to be proven by the witness, and (4) that the witness’s absence was not the result of appellant’s action.
(footnote: 2)  Although appellant makes the conclusory statement that the witness is material, appellant’s motion does not reflect what the absent witness would have testified to.  
Gentry
, 770 S.W.2d at 786.  Additionally, the first motion for continuance was not verified as required by art 29.08.  Since appellant failed to comply with the statutory requirements necessary for a motion for continuance, we conclude that the trial court did not err in denying appellant’s requested continuance.  We overrule appellant’s second issue.

Conclusion

Having overruled appellant’s issues, we affirm.   

Mackey K. Hancock

                                      Justice

FOOTNOTES
1:
Anders v. California, 386 U.S. 738, 87 S.Ct. 1396, 18 L.Ed.2d 493 (1967).

2:
See
 Brady v. Maryland, 373 U.S. 83, 83 S.Ct. 1194, 10 L.Ed.2d 215 (1963) (holding that the State violates due process when it fails to disclose exculpatory or impeachment  evidence favorable to a defendant which is material either to guilt or to punishment).

2: