NO. 07-06-0052-CR

IN THE COURT OF APPEALS

FOR THE SEVENTH DISTRICT OF TEXAS

AT AMARILLO

PANEL B

NOVEMBER 16, 2006

______________________________

PATRICK MORGAN, APPELLANT

V.

THE STATE OF TEXAS, APPELLEE

_________________________________

FROM THE 154TH DISTRICT COURT OF LAMB COUNTY;

NO. 4182; HONORABLE FELIX KLEIN, JUDGE

_______________________________

Before QUINN, C.J., and CAMPBELL and HANCOCK, JJ.

MEMORANDUM OPINION

Following his open plea of guilty, appellant Patrick Morgan was convicted of aggravated assault and sentenced to fifteen years confinement and $6,747.64 in  restitution.  In presenting this appeal,
 counsel has filed an 
Anders
(footnote: 1) brief in support of a motion to withdraw.  We grant counsel’s motion and affirm.

In support of her motion to withdraw, counsel certifies that she has diligently reviewed the record, and in her opinion, the record reflects no reversible error upon which an appeal arguably can be predicated.  
Anders v. California
, 386 U.S. 738, 87 S.Ct. 1396, 18 L.Ed.2d 493 (1967); 
Monroe v. State
, 671 S.W.2d 583, 585 (Tex.App.–San Antonio 1984, no pet.).
 Thus, she concludes the appeal is frivolous.  In compliance with the principles enunciated in 
Anders
, counsel has presented one potential ground for appeal, making references to the record, and has discussed why it does not present an arguably meritorious ground.  
High v. State
, 573 S.W.2d 807, 813 (Tex.Crim.App. 1978)
.
  Counsel has also shown that she sent a copy of the brief to appellant and informed appellant that, in her view, the appeal is without merit.  In addition, counsel has demonstrated that she notified appellant of his right to review the record and file a 
pro se
 response if he desired to do so.  Appellant subsequently filed a response, raising several issues.  

We have reviewed both the ground addressed
 by counsel and the issues raised by appellant to determine whether there was any error which could plausibly support an appeal
.  We have also conducted an independent review of the entire record.  
See
  
Penson v. Ohio
, 488 U.S. 75, 109 S.Ct. 346, 102 L.Ed.2d 300 (1988); 
Bledsoe v. State
, 178 S.W.3d 824 (Tex.Crim.App. 2005).  However, we have found no reversible error and agree with counsel that the appeal is frivolous.

Accordingly, counsel's motion to withdraw is granted
(footnote: 2) and the trial court’s judgment is affirmed.

James T. Campbell

        Justice

Do not publish.
 

FOOTNOTES
1:
Anders v. California
, 386 U.S. 738, 87 S.Ct. 1396, 18 L.Ed.2d 493 (1967).

2: We note that counsel’s motion to withdraw also contained the request that new counsel be appointed for appellant.  Such a request is inappropriate in a motion to withdraw accompanying an 
Anders
 brief.  New counsel is appointed following the filing of an 
Anders
 brief only if the appellate court determines that the record reflects an arguable ground for appeal.  
Bledsoe
, 178 S.W.3d at 827.