NO. 07-07-0411-CR

IN THE COURT OF APPEALS

FOR THE SEVENTH DISTRICT OF TEXAS

AT AMARILLO

PANEL A

FEBRUARY 26, 2008

_____

DOUGLAS SCOTT COSTLOW, APPELLANT

V.

THE STATE OF TEXAS, APPELLEE

_____

FROM THE 163RD DISTRICT COURT OF ORANGE COUNTY;

NO. B060386-R; HONORABLE DENNIS POWELL, JUDGE

_____

Before CAMPBELL and HANCOCK and PIRTLE, JJ.

**MEMORANDUM OPINION**

Following an open plea of guilty, Appellant, Douglas Scott Costlow, was convicted by the trial court of evading arrest or detention and sentenced to twelve months

confinement in a state jail facility. In presenting this appeal, counsel has filed an *Anders*[1] brief in support of a motion to withdraw. We grant counsel's motion and affirm.

In support of his motion to withdraw, counsel certifies he has diligently reviewed the record and, in his opinion, the record reflects no reversible error upon which an appeal can be predicated. *Anders v. California*, 386 U.S. 738, 744-45, 87 S.Ct. 1396, 18 L.Ed.2d 493 (1967); *Monroe v. State*, 671 S.W.2d 583, 585 (Tex.App.--San Antonio 1984, no pet.). Thus, he concludes the appeal is frivolous. Counsel has candidly discussed why, under the controlling authorities, there is no error in the court's judgment. *See High v. State*, 573 S.W.2d 807, 813 (Tex.Crim.App. 1978). Counsel has also shown that he sent a copy of the brief to Appellant and informed Appellant that, in counsel's view, the appeal is without merit. In addition, counsel has demonstrated that he notified Appellant of his right to review the record and file a pro se response if he desired to do so. The Clerk of this Court also advised Appellant by letter of his right to file a response to counsel's brief. Appellant did not file a response. Neither did the State favor us with a brief.

While driving at night with a passenger, Appellant fled from law enforcement through Orange County and into Jasper County nearly causing accidents. Appellant was indicted for intentionally fleeing while using a vehicle from a person whom he knew to be a peace officer who was attempting to lawfully detain him.

---

[1] *Anders v. California*, 386 U.S. 738, 87 S.Ct. 1396, 18 L.Ed.2d 493 (1967).

2

After being properly admonished by the trial court, Appellant entered a plea of guilty, and the trial court set the matter for a hearing on punishment. Appellant testified hoping to be placed on community supervision. In response to questioning, he testified to numerous arrests, misdemeanor convictions, and several pending charges in three different counties. His testimony showed he had violated conditions of community supervision for previous offenses. In pronouncing sentence, the trial judge described Appellant's evading arrest charge as egregious leaving him unable to grant Appellant community supervision.

By the *Anders* brief, counsel asserts there are no arguable grounds for reversible error. We have conducted a thorough and independent examination of the entire record and agree with counsel that there are no non-frivolous grounds which might support the appeal. *See Penson v. Ohio*, 488 U.S. 75, 109 S.Ct. 346, 102 L.Ed.2d 300 (1988); *Stafford v. State*, 813 S.W.2d 503, 511 (Tex.Crim.App. 1991). *See also Bledsoe v. State*, 178 S.W.3d 824 (Tex.Crim.App. 2005).

Accordingly, counsel's motion to withdraw is granted and the trial court's judgment is affirmed.[2]

Patrick A. Pirtle
Justice

Do not publish.

---

[2]Per Rule 48.4 of the Texas Rules of Appellate Procedure (effective September 1, 2007), we remind counsel of the duty to inform Appellant within five days after the date of this opinion to send a copy of the opinion and judgment together with notification of Appellant's right to file a pro se petition for discretionary review.