NO. 07-07-0411-CR

IN THE COURT OF APPEALS

FOR THE SEVENTH DISTRICT OF TEXAS

AT AMARILLO

PANEL A

FEBRUARY 26, 2008

______________________________


DOUGLAS SCOTT COSTLOW, APPELLANT

V.

THE STATE OF TEXAS, APPELLEE


_________________________________

FROM THE 163RD DISTRICT COURT OF ORANGE COUNTY;

NO. B060386-R; HONORABLE DENNIS POWELL, JUDGE

_______________________________

Before CAMPBELL and HANCOCK and PIRTLE, JJ.
MEMORANDUM OPINION
          Following an open plea of guilty, Appellant, Douglas Scott Costlow, was convicted
by the trial court of evading arrest or detention and sentenced to twelve months
confinement in a state jail facility. In presenting this appeal, counsel has filed an Anders



brief in support of a motion to withdraw. We grant counsel’s motion and affirm.
          In support of his motion to withdraw, counsel certifies he has diligently reviewed the
record and, in his opinion, the record reflects no reversible error upon which an appeal can
be predicated. Anders v. California, 386 U.S. 738, 744-45, 87 S.Ct. 1396, 18 L.Ed.2d 493
(1967); Monroe v. State, 671 S.W.2d 583, 585 (Tex.App.--San Antonio 1984, no pet.).
Thus, he concludes the appeal is frivolous. Counsel has candidly discussed why, under
the controlling authorities, there is no error in the court's judgment. See High v. State, 573
S.W.2d 807, 813 (Tex.Crim.App. 1978). Counsel has also shown that he sent a copy of
the brief to Appellant and informed Appellant that, in counsel's view, the appeal is without
merit. In addition, counsel has demonstrated that he notified Appellant of his right to
review the record and file a pro se response if he desired to do so. The Clerk of this Court
also advised Appellant by letter of his right to file a response to counsel’s brief. Appellant
did not file a response. Neither did the State favor us with a brief.
          While driving at night with a passenger, Appellant fled from law enforcement through
Orange County and into Jasper County nearly causing accidents. Appellant was indicted
for intentionally fleeing while using a vehicle from a person whom he knew to be a peace
officer who was attempting to lawfully detain him. 
          After being properly admonished by the trial court, Appellant entered a plea of guilty,
and the trial court set the matter for a hearing on punishment. Appellant testified hoping
to be placed on community supervision. In response to questioning, he testified to
numerous arrests, misdemeanor convictions, and several pending charges in three
different counties. His testimony showed he had violated conditions of community
supervision for previous offenses. In pronouncing sentence, the trial judge described
Appellant’s evading arrest charge as egregious leaving him unable to grant Appellant
community supervision. 
          By the Anders brief, counsel asserts there are no arguable grounds for reversible
error. We have conducted a thorough and independent examination of the entire record
and agree with counsel that there are no non-frivolous grounds which might support the
appeal. See Penson v. Ohio, 488 U.S. 75, 109 S.Ct. 346, 102 L.Ed.2d 300 (1988);
Stafford v. State, 813 S.W.2d 503, 511 (Tex.Crim.App. 1991). See also Bledsoe v. State,
178 S.W.3d 824 (Tex.Crim.App. 2005).
          Accordingly, counsel's motion to withdraw is granted and the trial court’s judgment
is affirmed.



                                                                           Patrick A. Pirtle

                                                                                 Justice                                      

Do not publish.