NO. 07-07-0301-CR

IN THE COURT OF APPEALS

FOR THE SEVENTH DISTRICT OF TEXAS

AT AMARILLO

PANEL A

APRIL 17, 2008

_____


DENNIS RAY FRANKLIN, JR., APPELLANT

V.

THE STATE OF TEXAS, APPELLEE

_____

FROM THE 33RD DISTRICT COURT OF BURNET COUNTY;

NO. 32736; HONORABLE GUILDFORD L. JONES, III, JUDGE

_____

Before CAMPBELL and HANCOCK and PIRTLE, JJ.

**MEMORANDUM OPINION**


In a two-count indictment, Appellant, Dennis Ray Franklin, Jr., was charged with delivery of a controlled substance and delivery of a controlled substance to a child. Following pleas of not guilty, a jury found Appellant guilty on both counts. Punishment was assessed by the trial court at fifteen years confinement. In presenting this appeal, counsel

has filed an *Anders*[1] brief in support of a motion to withdraw. We affirm and grant counsel's motion.

In support of her motion to withdraw, counsel certifies she has diligently reviewed the record and, in her opinion, the record reflects no reversible error upon which an appeal can be predicated. *Anders v. California*, 386 U.S. 738, 744-45, 87 S.Ct. 1396, 18 L.Ed.2d 493 (1967); *Monroe v. State*, 671 S.W.2d 583, 585 (Tex.App.--San Antonio 1984, no pet.). Thus, she concludes the appeal is frivolous. Counsel has candidly discussed why, under the controlling authorities, there is no error in the court's judgment. *See High v. State*, 573 S.W.2d 807, 813 (Tex.Crim.App. 1978). Counsel has also shown that she sent a copy of the brief to Appellant and informed Appellant that, in counsel's view, the appeal is without merit. In addition, counsel has demonstrated that she notified Appellant of his right to review the record and file a pro se response if he desired to do so. The Clerk of this Court also advised Appellant by letter of his right to file a response to counsel's brief. Appellant did not file a response. Neither did the State favor us with a brief.

Captain Paul Nelson of the Burnet Police Department testified that he stopped Appellant for a traffic violation for failing to use his blinker. Appellant did not have a driver's license nor proof of insurance, but did identify himself. The passenger in Appellant's vehicle, a sixteen year old juvenile, D.T., did not have identification and was asked to step out of the car. A baggie containing methamphetamine fell out of D.T.'s shorts and onto the

---

[1] *Anders v. California*, 386 U.S. 738, 87 S.Ct. 1396, 18 L.Ed.2d 493 (1967).

pavement. Nelson observed the baggie despite D.T. placing his foot on it in an attempt to conceal it. D.T. was arrested and turned over to the juvenile probation office.

Appellant was arrested on an outstanding warrant for violations of community supervision. After receiving his *Miranda* warnings and executing a waiver of his rights, he expressed a willingness to work as an informant for law enforcement and agreed to speak with Deputy Sheriff Tommy Headrick and Michael T. Hanley, an FBI agent. Among other things, Appellant confessed to delivering methamphetamine to D.T.

By the *Anders* brief, counsel raises two arguable issues and then explains why no reversible error is presented. The first arguable issue is directed at the voluntariness of Appellant's confession. Voluntariness of a confession is determined based on an examination of the totality of the circumstances surrounding its acquisition. *See Wyatt v. State*, 23 S.W.3d 18, 23 (Tex.Crim.App. 2000). Counsel acknowledges that the recorded interview between Appellant and law enforcement officers shows that no promises were made to Appellant in exchange for his confession. Despite Appellant's testimony that he believed the officers would get him a "deal" in exchange for information, the recorded interview demonstrates otherwise. The interview also shows that Appellant was read his rights and understood them.

The second arguable issue is whether prosecution for delivery of a controlled substance under § 481.112 of the Texas Health and Safety Code,[2] and prosecution for delivery of a controlled substance to a child under § 481.122, where the underlying facts involve one delivery of one controlled substance to one person, violates double jeopardy. There are three distinct types of double jeopardy claims: (1) a second prosecution for the same offense after an acquittal; (2) a second prosecution for the same offense after conviction; and (3) multiple punishments for the same offense. *Bigon v. State*, Nos. PD-1769-06, PD-1771-06, 2008 WL 141929, at *7 (Tex.Crim.App. Jan. 16, 2008); *Langs v. State*, 183 S.W.3d 680, 685 (Tex.Crim.App. 2006). Likewise, there are two distinct contexts in which a multiple punishments claim can arise: (1) the lesser-included offense context, in which the same conduct is punished twice; once for the basic conduct, and a second time for the same conduct plus more; and (2) punishing the same criminal act twice under two distinct statutes when the Legislature intended the conduct to be punished only once. *Bigon,* at *7; *Langs*, 183 S.W.3d at 685. In examining whether two offenses are the "same offense" for double jeopardy purposes in the context of a multiple punishments claim involving two distinct statutes, the ultimate question is whether the Legislature intended to allow the same conduct to be punished under both statutes. *Bigon,* at *8. In this case the legislative intent is clear. If conduct that is an offense under § 481.122 is also an offense under another section of Chapter 481 of the Texas Health and Safety Code

_____

[2]All section references are to the Texas Health and Safety Code (Vernon 2003 & Supp. 2007).

4

(e.g. § 481.112) , the actor may be prosecuted under either section *or both.*  § 481.122(e) (emphasis added).  Thus, as counsel concludes, there was no double jeopardy violation.

Furthermore, we have conducted a thorough and independent examination of the entire record and agree with counsel that there are no non-frivolous grounds which might support the appeal.  *See  Penson v. Ohio*, 488 U.S. 75, 109 S.Ct. 346, 102 L.Ed.2d 300 (1988); *Stafford v. State*, 813 S.W.2d 503, 511 (Tex.Crim.App. 1991).  *See also Bledsoe v. State*, 178 S.W.3d 824 (Tex.Crim.App. 2005).

Accordingly, counsel's motion to withdraw is granted and the trial court's judgment is affirmed.[3]

Patrick A. Pirtle
Justice

Do not publish.

---

[3]Per Rule 48.4 of the Texas Rules of Appellate Procedure (effective September 1, 2007), we remind counsel of the duty to inform Appellant within five days after the date of this opinion to send a copy of the opinion and judgment together with notification of Appellant's right to file a pro se petition for discretionary review.