NO. 07-07-0301-CR



IN THE COURT OF APPEALS



FOR THE SEVENTH DISTRICT OF TEXAS



AT AMARILLO



PANEL A



APRIL 17, 2008



______________________________




DENNIS RAY FRANKLIN, JR., APPELLANT



V.



THE STATE OF TEXAS, APPELLEE




_________________________________



FROM THE 33RD DISTRICT COURT OF BURNET COUNTY;



NO. 32736; HONORABLE GUILDFORD L. JONES, III, JUDGE



_______________________________



Before CAMPBELL and HANCOCK and PIRTLE, JJ.

MEMORANDUM OPINION


 In a two-count indictment, Appellant, Dennis Ray Franklin, Jr., was charged with
delivery of a controlled substance and delivery of a controlled substance to a child. 
Following pleas of not guilty, a jury found Appellant guilty on both counts. Punishment was
assessed by the trial court at fifteen years confinement. In presenting this appeal, counsel
has filed an Anders (1) brief in support of a motion to withdraw. We affirm and grant
counsel's motion.

 In support of her motion to withdraw, counsel certifies she has diligently reviewed
the record and, in her opinion, the record reflects no reversible error upon which an appeal
can be predicated. Anders v. California, 386 U.S. 738, 744-45, 87 S.Ct. 1396, 18 L.Ed.2d
493 (1967); Monroe v. State, 671 S.W.2d 583, 585 (Tex.App.--San Antonio 1984, no pet.).
Thus, she concludes the appeal is frivolous. Counsel has candidly discussed why, under
the controlling authorities, there is no error in the court's judgment. See High v. State, 573
S.W.2d 807, 813 (Tex.Crim.App. 1978). Counsel has also shown that she sent a copy of
the brief to Appellant and informed Appellant that, in counsel's view, the appeal is without
merit. In addition, counsel has demonstrated that she notified Appellant of his right to
review the record and file a pro se response if he desired to do so. The Clerk of this Court
also advised Appellant by letter of his right to file a response to counsel's brief. Appellant
did not file a response. Neither did the State favor us with a brief.

 Captain Paul Nelson of the Burnet Police Department testified that he stopped
Appellant for a traffic violation for failing to use his blinker. Appellant did not have a driver's
license nor proof of insurance, but did identify himself. The passenger in Appellant's
vehicle, a sixteen year old juvenile, D.T., did not have identification and was asked to step
out of the car. A baggie containing methamphetamine fell out of D.T.'s shorts and onto the
pavement. Nelson observed the baggie despite D.T. placing his foot on it in an attempt to
conceal it. D.T. was arrested and turned over to the juvenile probation office.

 Appellant was arrested on an outstanding warrant for violations of community
supervision. After receiving his Miranda warnings and executing a waiver of his rights, he
expressed a willingness to work as an informant for law enforcement and agreed to speak
with Deputy Sheriff Tommy Headrick and Michael T. Hanley, an FBI agent. Among other
things, Appellant confessed to delivering methamphetamine to D.T.

 By the Anders brief, counsel raises two arguable issues and then explains why no
reversible error is presented. The first arguable issue is directed at the voluntariness of
Appellant's confession. Voluntariness of a confession is determined based on an
examination of the totality of the circumstances surrounding its acquisition. See Wyatt v.
State, 23 S.W.3d 18, 23 (Tex.Crim.App. 2000). Counsel acknowledges that the recorded
interview between Appellant and law enforcement officers shows that no promises were
made to Appellant in exchange for his confession. Despite Appellant's testimony that he
believed the officers would get him a "deal" in exchange for information, the recorded
interview demonstrates otherwise. The interview also shows that Appellant was read his
rights and understood them.

 The second arguable issue is whether prosecution for delivery of a controlled
substance under § 481.112 of the Texas Health and Safety Code, (2) and prosecution for
delivery of a controlled substance to a child under § 481.122, where the underlying facts
involve one delivery of one controlled substance to one person, violates double jeopardy. 
There are three distinct types of double jeopardy claims: (1) a second prosecution for the
same offense after an acquittal; (2) a second prosecution for the same offense after
conviction; and (3) multiple punishments for the same offense. Bigon v. State, Nos. PD-1769-06, PD-1771-06, 2008 WL 141929, at *7 (Tex.Crim.App. Jan. 16, 2008); Langs v.
State, 183 S.W.3d 680, 685 (Tex.Crim.App. 2006). Likewise, there are two distinct
contexts in which a multiple punishments claim can arise: (1) the lesser-included offense
context, in which the same conduct is punished twice; once for the basic conduct, and a
second time for the same conduct plus more; and (2) punishing the same criminal act twice
under two distinct statutes when the Legislature intended the conduct to be punished only
once. Bigon, at *7; Langs, 183 S.W.3d at 685. In examining whether two offenses are the
"same offense" for double jeopardy purposes in the context of a multiple punishments
claim involving two distinct statutes, the ultimate question is whether the Legislature
intended to allow the same conduct to be punished under both statutes. Bigon, at *8. In
this case the legislative intent is clear. If conduct that is an offense under § 481.122 is also
an offense under another section of Chapter 481 of the Texas Health and Safety Code
(e.g. § 481.112) , the actor may be prosecuted under either section or both. § 481.122(e)
(emphasis added). Thus, as counsel concludes, there was no double jeopardy violation.

 Furthermore, we have conducted a thorough and independent examination of the
entire record and agree with counsel that there are no non-frivolous grounds which might
support the appeal. See Penson v. Ohio, 488 U.S. 75, 109 S.Ct. 346, 102 L.Ed.2d 300
(1988); Stafford v. State, 813 S.W.2d 503, 511 (Tex.Crim.App. 1991). See also Bledsoe
v. State, 178 S.W.3d 824 (Tex.Crim.App. 2005).

 Accordingly, counsel's motion to withdraw is granted and the trial court's judgment
is affirmed. (3)

 Patrick A. Pirtle

 Justice


 

Do not publish. 
1. Anders v. California, 386 U.S. 738, 87 S.Ct. 1396, 18 L.Ed.2d 493 (1967).
2. All section references are to the Texas Health and Safety Code (Vernon 2003 &
Supp. 2007).
3. Per Rule 48.4 of the Texas Rules of Appellate Procedure (effective September 1,
2007), we remind counsel of the duty to inform Appellant within five days after the date of
this opinion to send a copy of the opinion and judgment together with notification of
Appellant's right to file a pro se petition for discretionary review.