NO. 07-05-0467-CR

IN THE COURT OF APPEALS

FOR THE SEVENTH DISTRICT OF TEXAS

AT AMARILLO

PANEL C

AUGUST 15, 2006

_____


DANIEL W. BAGBY, APPELLANT

V.

THE STATE OF TEXAS, APPELLEE

_____

FROM THE 137TH DISTRICT COURT OF LUBBOCK COUNTY;

NO. 2005-410093; HONORABLE CECIL G. PURYEAR, JUDGE

_____

Before QUINN, C.J., and REAVIS and HANCOCK, JJ.

**MEMORANDUM OPINION**

Following a plea of not guilty, appellant Daniel W. Bagby was convicted by a jury of aggravated assault on a public servant, enhanced, and sentenced to 40 years confinement.

In presenting this appeal, counsel has filed an *Anders*[1] brief in support of a motion to withdraw. We grant counsel's motion and affirm.

In support of her motion to withdraw, counsel certifies she has diligently reviewed the record and, in her opinion, the record reflects no reversible error upon which an appeal can be predicated. Anders v. California, 386 U.S. 738, 744-45, 87 S.Ct. 1396, 18 L.Ed.2d 493 (1967); Monroe v. State, 671 S.W.2d 583, 585 (Tex.App.--San Antonio 1984, no pet.). Thus, she concludes the appeal is frivolous. Counsel has candidly discussed why, under the controlling authorities, there is no error in the court's judgment. *See* High v. State, 573 S.W.2d 807, 813 (Tex.Cr.App. 1978). Counsel has also shown that she sent a copy of the brief to appellant and informed appellant that, in counsel's view, the appeal is without merit. In addition, counsel has demonstrated that she notified appellant of his right to review the record and file a *pro se* response if he desired to do so. The Clerk of this Court has also advised appellant by letter of his right to file a response to counsel's brief. Appellant did not file a response. Neither did the State favor us with a brief.

Detective Billy Koontz was traveling in his vehicle while off duty when he observed appellant walk into traffic to attempt to enter several vehicles that were stopped for a traffic signal. He yelled at appellant, but from his location in traffic was unable to confront him. He contacted Officer Eric Tijerina, who was on duty in the area, to investigate the suspect.

---

[1]Anders v. California, 386 U.S. 738, 87 S.Ct. 1396, 18 L.Ed.2d 493 (1967).

When Tijerina arrived at the location, he did not immediately see appellant and drove up and down the area until he was approached by witnesses who advised him of the direction in which appellant fled. Tijerina parked his vehicle and proceeded on foot to a parking lot where appellant was crouched between two vehicles. According to Tijerina, who was outfitted with a department-issued vest displaying "POLICE" in bold white letters, when he and appellant noticed each other simultaneously, appellant lunged at him with a pocket knife. Tijerina was able to grab appellant's arm and subdue him. Appellant was arrested and charged with aggravated assault on a public servant.

When Detective Koontz testified at trial, he referenced a police report generated by him just days after the incident. Although the report was not introduced into evidence, Koontz testified he observed appellant head southwest of where he first observed him attempt to enter vehicles. Tijerina, however, testified appellant was apprehended in a location indicating a different direction than reflected in Koontz's report.

After Koontz testified, appellant's counsel moved for mistrial for a *Brady*[2] violation asserting that Koontz's report was not in the case file when he had reviewed it three to four days earlier pursuant to the District Attorney's open-file policy. Counsel argued the report was an exculpatory document that contradicted Tijerina's version of the incident. The motion for mistrial was denied.

---

[2]*See* Brady v. Maryland, 373 U.S. 83, 83 S.Ct. 1194, 10 L.Ed.2d 215 (1963) (holding that the State violates due process when it fails to disclose exculpatory or impeachment evidence favorable to a defendant which is material either to guilt or to punishment).

Counsel raises one arguable point, to-wit: the trial court erred in denying appellant's motion for mistrial based on the State's failure to disclose impeachment and exculpatory evidence. Counsel then concedes that under the test for determining whether a *Brady* violation occurred, there was no failure to disclose favorable evidence that could have resulted in a different outcome. *See* Little v. State, 991 S.W.2d 864, 866 (Tex.Cr.App. 1999). We agree with counsel that the trial court did not abuse its discretion in denying appellant's motion for mistrial. *See* Kipp v. State, 876 S.W.2d 330, 339 (Tex.Cr.App. 1994).

We have independently examined the entire record to determine whether there are any non-frivolous grounds which might support the appeal. *See* Penson v. Ohio, 488 U.S. 75, 109 S.Ct. 346, 102 L.Ed.2d 300 (1988); Stafford v. State, 813 S.W.2d 503, 511 (Tex.Cr.App. 1991). We have found no such grounds. After reviewing the record and counsel's brief, we agree with counsel that the appeal is frivolous. *See* Bledsoe v. State, 178 S.W.3d 824 (Tex.Cr.App. 2005).

Accordingly, counsel's motion to withdraw is granted and the trial court's judgment is affirmed.

Don H. Reavis
Justice

Do not publish.

4