NO. 07-06-0292-CR


IN THE COURT OF APPEALS


FOR THE SEVENTH DISTRICT OF TEXAS


AT AMARILLO


PANEL C


DECEMBER 19, 2006


______________________________



STEVE GEORGE SETTLES, APPELLANT


V.


THE STATE OF TEXAS, APPELLEE



_________________________________


FROM THE 290TH DISTRICT COURT OF BEXAR COUNTY


CAUSE NO. 2005CR3072


 HONORABLE SHARON MACRAE, JUDGE PRESIDING (1)


_______________________________


Before QUINN, C.J., and HANCOCK and PIRTLE, JJ.

MEMORANDUM OPINION

 Following an open plea of guilty, Appellant, Steve George Settles, was convicted of two
counts of aggravated sexual assault of a child and sentenced to life imprisonment. In
presenting this appeal, counsel has filed an Anders (2) brief in support of a motion to withdraw. 
We grant counsel's motion and affirm.

 In support of her motion to withdraw, counsel certifies that she has diligently reviewed
the record, and in her opinion, the record reflects no reversible error upon which an appeal can
be predicated. Anders v. California, 386 U.S. 738, 87 S.Ct. 1396, 18 L.Ed.2d 493 (1967);
Monroe v. State, 671 S.W.2d 583, 585 (Tex.App.-San Antonio 1984, no pet.). Thus, she
concludes the appeal is frivolous. In compliance with High v. State, 573 S.W.2d 807, 813
(Tex.Cr.App. 1978), counsel has candidly discussed why, under the controlling authorities,
there is no error in the trial court's judgment. Counsel has also shown that she sent a copy of
the brief to appellant and informed appellant that, in her view, the appeal is without merit. In
addition, counsel has demonstrated that she notified appellant of his right to review the record
and file a pro se response if he desired to do so. Appellant did not file a response. Neither did
the State favor us with a brief.

 We have reviewed the arguable ground addressed by counsel to determine whether
there was any error which could plausibly support an appeal. We have also conducted an
independent review of the entire record. See Penson v. Ohio, 488 U.S. 75, 109 S.Ct. 346, 102
L.Ed.2d 300 (1988); Bledsoe v. State, 178 S.W.3d 824 (Tex.Cr.App. 2005). However, we have
found no reversible error and agree with counsel that the appeal is frivolous.

 Accordingly, counsel's motion to withdraw is hereby granted, and the trial court's
judgment is affirmed.

 Patrick A. Pirtle

 Justice

 


Do not publish. 
1. Honorable Pat Priest, Jr., Senior Judge Sitting by Assignment, presiding over the
Appellant's plea of guilty.
2. Anders v. California, 386 U.S. 738, 87 S.Ct. 1396, 18 L.Ed.2d 493 (1967).



riority="65" SemiHidden="false"
 UnhideWhenUsed="false" Name="Medium List 1"/>
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 









NO. 07-11-0048-CV

 

IN THE COURT OF APPEALS

 

FOR THE SEVENTH DISTRICT OF TEXAS

 

AT AMARILLO

 

PANEL B

 

FEBRUARY 2, 2011

___________________________

 

 

In re
CHARLES ANTHONY ALLEN, SR., 

 

                                                                             Relator

___________________________

 

Memorandum
Opinion on Original Proceeding for Writ of Mandamus

__________________________

 

 

Before QUINN, C.J., and CAMPBELL and HANCOCK, JJ.

            Pending
before the court is the petition for writ of mandamus filed by Charles Anthony
Allen, Sr.  He asks this court to order
the district clerk of Hartley County and the Honorable Ron Enns,
district judge, 69th Judicial District, to further process Relators
Complaint by forwarding to the Attorney General[s] Office [and] counsel for
the defendants in the Relators Complaint both a
copy of his complaint and all other papers. 
We deny the petition for several reasons.

            First,
we have no authority to direct a district clerk to undertake action unrelated
to an appeal pending before us.  In re Washington, 7
S.W.3d 181, 182 (Tex. App.Houston [1st Dist.] 1999, orig.
proceeding).  And, Allen has
failed to establish that ordering the clerk to forward documents related to a
suit pending in a district court implicates any appeal pending before us.  

            Second,
Allen cites us to no authority obligating a district court to perform the
purported duties of a district clerk, such as mailing pleadings to the
litigants in a pending action.  Nor do we
know of any such authority.  See In re Sweed, 153
S.W.3d 577, 578 (Tex. App.Amarillo 2004, orig. proceeding) (stating that
the one petitioning for a writ of mandamus must establish his entitlement to
relief).

            Accordingly,
the petition for writ of mandamus is denied.

 

                                                                        Per
Curiam