NO. 07-06-0160-CR

IN THE COURT OF APPEALS

FOR THE SEVENTH DISTRICT OF TEXAS

AT AMARILLO

PANEL A

FEBRUARY 28, 2007

_____

CARL BURFORD, APPELLANT

V.

THE STATE OF TEXAS, APPELLEE

_____

FROM THE 299TH DISTRICT COURT OF TRAVIS COUNTY;

NO. D-1-DC-05-301203; HONORABLE JON WISSER, JUDGE

_____

Before CAMPBELL and HANCOCK and PIRTLE, JJ.

**MEMORANDUM OPINION**

Following a plea of not guilty, Appellant, Carl Burford, was convicted by a jury of possession of a controlled substance, enhanced. The trial court assessed punishment at five years confinement. We affirm.

**Anders Brief and *Pro Se* Response**

In presenting this appeal, Appellant's counsel has filed an *Anders*[1] brief in support of a motion to withdraw. Counsel has also certified to this Court that he sent a copy of his brief to Appellant and informed him that, in counsel's view, the appeal is without merit. Additionally, counsel informed Appellant of his right to review the record and file a *pro se* response if he desired to do so. The Clerk of this Court also advised Appellant by letter of his right to file a response to counsel's brief.

Appellant did file a *pro se* response asserting six points of error: (1) failure to submit an article 38.23 instruction to the jury, (2) refusing to allow him to represent himself, (3) ineffective assistance of counsel, (4) denial of the right of confrontation of witnesses, (5) failure to suppress illegally seized evidence, and (6) prosecutorial misconduct.

The State filed a brief in which it agrees with counsel that no meritorious issues exist and the appeal is therefore frivolous. We too have independently examined the entire record to determine whether there are any non-frivolous grounds which might support the appeal. *See Penson v. Ohio*, 488 U.S. 75 (1988); *Stafford v. State*, 813 S.W.2d 503, 511 (Tex.Crim.App. 1991). After reviewing the record, counsel's brief, and appellant's *pro se* response, we find no reversible error and agree with counsel that the appeal is wholly

---

[1]*Anders v. California,* 386 U.S. 738 (1967).

frivolous. Accordingly, we do not address the merits of the issues raised by Appellant's *pro se* response. *Bledsoe v. State,* 178 S.W.3d 824, 826-27 (Tex.Crim.App. 2005).

## Background Facts

Appellant was involved in a motorcycle accident. According to an emergency medical technician dispatched to the scene, Appellant suffered a head injury and was disoriented. He did not respond to questions and was combative when medical personnel attempted to further evaluate him. He was restrained on a backboard and transported by ambulance to the hospital for further examination. A police officer responded to the scene of the accident and allowed emergency medical personnel to treat Appellant before concluding his on-scene investigation. Per procedure and policy, the officer followed Appellant to the hospital to obtain followup information necessary to complete his report.

A hospital technician testified that once Appellant was secured on a gurney, his leather jacket was removed and the pockets were searched for purposes of identification and inventory. During the search, a small black electronic scale, a baggie containing a white powdery substance, and numerous small baggies were found. The technician testified that hospital policy dictates that any suspected illegal substances be turned over to the police. He placed the items in a bag and gave them to the police officer. Recognizing the powdery substance to be a controlled substance, the officer handcuffed Appellant to the gurney while he was receiving medical treatment. After Appellant was discharged from the hospital, he was arrested and transported to jail by another officer.

3

Appellant testified that after the accident he blacked out briefly, but that when he came to he was able to stand and did not want to go to the hospital. Emergency medical personnel insisted he have his head wound treated. Appellant admitted during his testimony that at the time of the accident he was in possession of more than four grams of cocaine and that he was guilty of the charged offense. He testified the cocaine was not located in his jacket, but was instead under his waistband in his underwear. He further testified he never gave consent to have his clothing searched by law enforcement or medical personnel.

### Applicable Law and Analysis of Counsel's Arguable Error

In support of his motion to withdraw, counsel certifies he has professionally evaluated the record and, in his opinion, the record reflects no reversible error upon which an appeal can be predicated. *Anders v. California*, 386 U.S. 738, 744-45 (1967); *Monroe v. State*, 671 S.W.2d 583, 585 (Tex.App.--San Antonio 1984, no pet.). Thus, he concludes the appeal is frivolous and without merit.

Consistent with his professional duty, counsel has candidly set forth a single "arguable error" and has discussed why, under the controlling authorities, such error is without merit and why there is no other potential error in the court's judgment. *See High v. State*, 573 S.W.2d 807, 813 (Tex.Crim.App. 1978). Appellant's counsel proffers as an arguable, albeit non-meritorious point of error, that the trial court erred in refusing to instruct the jury pursuant to article 38.23 of the Texas Code of Criminal Procedure. A jury

instruction under article 38.23 is required only when there is a factual dispute about how evidence was obtained. *Garza v. State*, 126 S.W.3d 79, 85 (Tex.Crim.App. 2004), citing, *Thomas v. State*, 723 S.W.2d 696, 708 (Tex.Crim.App. 1986).

The *Anders* brief notes that during the charge conference, defense counsel requested a jury instruction per article 38.23, which the trial court refused. Counsel surmises that Appellant's testimony that the cocaine was in his underwear and not in his jacket could raise a fact issue concerning the legality of its discovery. The trial court, however, ruled there was no controverted fact issue regarding the discovery of the cocaine in Appellant's jacket pocket. The court explained that seizure of the cocaine by the medical technician was a legal matter which had been resolved at a pretrial hearing. *See generally St. Clair v. State*, 26 S.W.3d 89, 102 (Tex.App.–Waco 2000, pet. ref'd). We agree with counsel's assessment that the point would have been non-meritorious because the trial court did not err in refusing to instruct the jury pursuant to article 38.23 of the Texas Code of Criminal Procedure.

Accordingly, we grant counsel's motion to withdraw and affirm the judgment of the trial court.

Patrick A. Pirtle
Justice

Do not publish.

5