NO. 07-06-0252-CR

IN THE COURT OF APPEALS

FOR THE SEVENTH DISTRICT OF TEXAS

AT AMARILLO

PANEL D

JULY 6, 2007

_____

MIGUEL RUDOLFO GONZALEZ, APPELLANT

V.

THE STATE OF TEXAS, APPELLEE

_____

FROM THE 108TH DISTRICT COURT OF POTTER COUNTY;

NO. 51,777-E; HONORABLE ABE LOPEZ, JUDGE

_____

Before QUINN, C.J., and CAMPBELL and PIRTLE, JJ.

**MEMORANDUM OPINION**

Following a plea of not guilty, Appellant Miguel Rudolfo Gonzalez was convicted by

a jury of aggravated sexual assault of a child, and punishment was assessed at ninety-nine

years confinement. In presenting this appeal, counsel has filed an *Anders*[1] brief in support of a motion to withdraw. We grant counsel's motion and affirm.

In support of her motion to withdraw, counsel certifies she has diligently reviewed the record and, in her opinion, the record reflects no reversible error upon which an appeal can be predicated. *Anders v. California*, 386 U.S. 738, 744-45, 87 S.Ct. 1396, 18 L.Ed.2d 493 (1967); *Monroe v. State*, 671 S.W.2d 583, 585 (Tex.App.--San Antonio 1984, no pet.). Thus, she concludes the appeal is frivolous. Counsel has candidly discussed why, under the controlling authorities, there is no error in the court's judgment. *See High v. State*, 573 S.W.2d 807, 813 (Tex.Cr.App. 1978). Counsel has also shown that she sent a copy of the brief to Appellant and informed him that, in counsel's view, the appeal is without merit. In addition, counsel has demonstrated that she notified Appellant of his right to review the record and file a pro se response if he desired to do so. The Clerk of this Court also advised Appellant by letter of his right to file a response to counsel's brief. Appellant filed a *Motion for Appointment of New Counsel* together with an affidavit in support thereof in which he raises numerous complaints. The State filed a letter brief concurring with counsel that there are no meritorious issues.

The victim, T.R., a then twelve-year-old girl, testified that on the evening of October 25, 2001, she was walking to a friend's home when Appellant pulled up in his vehicle and called her by the name of Gloria. After she explained that was not her name, Appellant

---

[1]*Anders v. California*, 386 U.S. 738, 87 S.Ct. 1396, 18 L.Ed.2d 493 (1967).

2

offered, and she accepted, a ride to her friend's house. According to T.R., Appellant said he wanted to stop at a convenience store for a Coke but when he passed two stores, she became nervous. He then drove to an empty school parking lot and asked her for sexual favors. She refused and began to cry. She testified that the car doors were locked and when she tried to get out, Appellant claimed to have a gun. On cross-examination, however, she testified she did not see a gun. According to T.R., Appellant pulled her pants down and performed sexual acts on her, short of penetration. He then drove to a deserted factory and pulled her pants down again. Despite declaring that she was only twelve, pleading with him to stop, and squirming, he got on top of her and rubbed his penis against her genital area. She testified that after a few minutes, Appellant realized her young age and got off her. He drove her back to the area where he had first picked her up near her friend's house and dropped her off.

When she arrived at her friend's house, the friend's grandmother noticed she was hysterical and questioned her. Realizing she had been assaulted, the grandmother called her parents and the police. T.R. gave a description of Appellant to a female police officer and was taken to the hospital for an exam. The sexual assault nurse took her clothing and swabbed her for DNA samples which were turned over to the officer. The officer booked the evidence, which was later forwarded to the Texas Department of Public Safety lab for analysis.

Years later, in April 2005, the DPS lab notified the police department that a suspect, namely Appellant, had been identified and asked the department to obtain a blood sample for comparison. The investigating officer assigned to the case located Appellant at a nearby detention center, but Appellant refused to give a sample. After obtaining a search warrant, a sample of Appellant's blood was taken and tested. The comparison confirmed Appellant as a match to a semen sample that had been collected from the evidence in 2001.

At a hearing outside the jury's presence, two female witnesses testified to extraneous offenses similar to the charged offense. Both testified that in 2001, when they were teenagers, Appellant used a pick-up line on them and offered them a ride, which they accepted. They, however, testified that they struggled with Appellant and were able to avoid his sexual advances. Appellant objected to their testimony based on Rules 401, 403, and 404 of the Texas Rules of Evidence. The trial court overruled the objections and the witnesses were allowed to testify before the jury.

After being admonished on the risks of taking the stand in his defense, Appellant nevertheless testified. He admitted propositioning T.R., although his version of the facts was that the sexual acts were consensual. He believed her to be sixteen or seventeen years old at the time and testified that her age never came up. He admitted an encounter with one of the witnesses who testified to an extraneous offense, including that he

"jokingly" pulled a knife on her. He denied, however, knowing the third victim. Despite claiming the defense of consent, the jury convicted Appellant.

By the *Anders* brief, counsel raises three arguable points, to-wit: (1) insufficient evidence to support Appellant's conviction under § 22.021 of the Texas Penal Code; (2) admission of extraneous offenses; and (3) ineffective assistance of trial counsel. Counsel then explains why the contentions are without merit.[2]

We have independently examined the entire record to determine whether there are any non-frivolous grounds which might support the appeal. *See Penson v. Ohio*, 488 U.S. 75, 109 S.Ct. 346, 102 L.Ed.2d 300 (1988); *Stafford v. State*, 813 S.W.2d 503, 511 (Tex.Cr.App. 1991). We have found no such grounds. After reviewing the record, counsel's brief, and Appellant's contentions, we agree with counsel that the appeal is frivolous. *See Bledsoe v. State*, 178 S.W.3d 824 (Tex.Cr.App. 2005).

Having independently determined that Appellant's appeal is indeed frivolous, Appellant's *Motion for Appointment of New Counsel* is denied. *See Penson*, 488 U.S. at 80. *See also Stafford*, 873 S.W.2d at 511 (concluding that an indigent defendant must be afforded new counsel if the appellate court finds meritorious arguments).

---

[2]*See Jackson v. Virginia*, 443 U.S. 307, 318, 99 S.Ct. 2781, 2789, 61 L.Ed.2d 560, 573 (1979); *Watson v. State*, 204 S.W.3d 404, 413-17 (Tex.Crim.App. 2006). *See also Johnston v. State*, 145 S.W.3d 215, 219 (Tex.Crim.App. 2004) (discussing admissibility of extraneous offenses); *Strickland v. Washington*, 466 U.S. 668, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984) (establishing the two-pronged test for ineffective assistance of counsel).

Accordingly, counsel's motion to withdraw is granted, Appellant's motion for the appointment of new counsel is denied, and the trial court's judgment is affirmed.[3]


Patrick A. Pirtle
Justice


Do not publish.

---

[3]In granting counsel's motion to withdraw, however, we remind counsel of the "educational" duty to inform Appellant of this Court's decision and of his right to file a pro se petition for discretionary review in the Court of Criminal Appeals. *Ex parte Owens*, 206 S.W.3d 670 (Tex.Crim.App. 2006).