NO. 07-06-0252-CR



IN THE COURT OF APPEALS



FOR THE SEVENTH DISTRICT OF TEXAS



AT AMARILLO



PANEL D



JULY 6, 2007



______________________________




MIGUEL RUDOLFO GONZALEZ, APPELLANT



V.



THE STATE OF TEXAS, APPELLEE




_________________________________



FROM THE 108TH DISTRICT COURT OF POTTER COUNTY;



NO. 51,777-E; HONORABLE ABE LOPEZ, JUDGE



_______________________________



Before QUINN, C.J., and CAMPBELL and PIRTLE, JJ.

MEMORANDUM OPINION


 Following a plea of not guilty, Appellant Miguel Rudolfo Gonzalez was convicted by
a jury of aggravated sexual assault of a child, and punishment was assessed at ninety-nine
years confinement. In presenting this appeal, counsel has filed an Anders (1) brief in support
of a motion to withdraw. We grant counsel's motion and affirm.

 In support of her motion to withdraw, counsel certifies she has diligently reviewed
the record and, in her opinion, the record reflects no reversible error upon which an appeal
can be predicated. Anders v. California, 386 U.S. 738, 744-45, 87 S.Ct. 1396, 18 L.Ed.2d
493 (1967); Monroe v. State, 671 S.W.2d 583, 585 (Tex.App.--San Antonio 1984, no pet.).
Thus, she concludes the appeal is frivolous. Counsel has candidly discussed why, under
the controlling authorities, there is no error in the court's judgment. See High v. State, 573
S.W.2d 807, 813 (Tex.Cr.App. 1978). Counsel has also shown that she sent a copy of the
brief to Appellant and informed him that, in counsel's view, the appeal is without merit. In
addition, counsel has demonstrated that she notified Appellant of his right to review the
record and file a pro se response if he desired to do so. The Clerk of this Court also
advised Appellant by letter of his right to file a response to counsel's brief. Appellant filed
a Motion for Appointment of New Counsel together with an affidavit in support thereof in
which he raises numerous complaints. The State filed a letter brief concurring with counsel
that there are no meritorious issues.

 The victim, T.R., a then twelve-year-old girl, testified that on the evening of October
25, 2001, she was walking to a friend's home when Appellant pulled up in his vehicle and
called her by the name of Gloria. After she explained that was not her name, Appellant
offered, and she accepted, a ride to her friend's house. According to T.R., Appellant said
he wanted to stop at a convenience store for a Coke but when he passed two stores, she
became nervous. He then drove to an empty school parking lot and asked her for sexual
favors. She refused and began to cry. She testified that the car doors were locked and
when she tried to get out, Appellant claimed to have a gun. On cross-examination,
however, she testified she did not see a gun. According to T.R., Appellant pulled her pants
down and performed sexual acts on her, short of penetration. He then drove to a deserted
factory and pulled her pants down again. Despite declaring that she was only twelve,
pleading with him to stop, and squirming, he got on top of her and rubbed his penis against
her genital area. She testified that after a few minutes, Appellant realized her young age
and got off her. He drove her back to the area where he had first picked her up near her
friend's house and dropped her off. 

 When she arrived at her friend's house, the friend's grandmother noticed she was
hysterical and questioned her. Realizing she had been assaulted, the grandmother called
her parents and the police. T.R. gave a description of Appellant to a female police officer
and was taken to the hospital for an exam. The sexual assault nurse took her clothing and
swabbed her for DNA samples which were turned over to the officer. The officer booked
the evidence, which was later forwarded to the Texas Department of Public Safety lab for
analysis. 

 Years later, in April 2005, the DPS lab notified the police department that a suspect,
namely Appellant, had been identified and asked the department to obtain a blood sample
for comparison. The investigating officer assigned to the case located Appellant at a
nearby detention center, but Appellant refused to give a sample. After obtaining a search
warrant, a sample of Appellant's blood was taken and tested. The comparison confirmed
Appellant as a match to a semen sample that had been collected from the evidence in
2001.

 At a hearing outside the jury's presence, two female witnesses testified to
extraneous offenses similar to the charged offense. Both testified that in 2001, when they
were teenagers, Appellant used a pick-up line on them and offered them a ride, which they
accepted. They, however, testified that they struggled with Appellant and were able to
avoid his sexual advances. Appellant objected to their testimony based on Rules 401, 403,
and 404 of the Texas Rules of Evidence. The trial court overruled the objections and the
witnesses were allowed to testify before the jury.

 After being admonished on the risks of taking the stand in his defense, Appellant
nevertheless testified. He admitted propositioning T.R., although his version of the facts
was that the sexual acts were consensual. He believed her to be sixteen or seventeen
years old at the time and testified that her age never came up. He admitted an encounter
with one of the witnesses who testified to an extraneous offense, including that he
"jokingly" pulled a knife on her. He denied, however, knowing the third victim. Despite
claiming the defense of consent, the jury convicted Appellant.

 By the Anders brief, counsel raises three arguable points, to-wit: (1) insufficient
evidence to support Appellant's conviction under § 22.021 of the Texas Penal Code; (2)
admission of extraneous offenses; and (3) ineffective assistance of trial counsel. Counsel
then explains why the contentions are without merit. (2) 

 We have independently examined the entire record to determine whether there are
any non-frivolous grounds which might support the appeal. See Penson v. Ohio, 488 U.S.
75, 109 S.Ct. 346, 102 L.Ed.2d 300 (1988); Stafford v. State, 813 S.W.2d 503, 511
(Tex.Cr.App. 1991). We have found no such grounds. After reviewing the record,
counsel's brief, and Appellant's contentions, we agree with counsel that the appeal is
frivolous. See Bledsoe v. State, 178 S.W.3d 824 (Tex.Cr.App. 2005).

 Having independently determined that Appellant's appeal is indeed frivolous,
Appellant's Motion for Appointment of New Counsel is denied. See Penson, 488 U.S. at
80. See also Stafford, 873 S.W.2d at 511 (concluding that an indigent defendant must be
afforded new counsel if the appellate court finds meritorious arguments).

 Accordingly, counsel's motion to withdraw is granted, Appellant's motion for the
appointment of new counsel is denied, and the trial court's judgment is affirmed. (3)


 Patrick A. Pirtle

 Justice


 

Do not publish.










 
1. Anders v. California, 386 U.S. 738, 87 S.Ct. 1396, 18 L.Ed.2d 493 (1967).
2. See Jackson v. Virginia, 443 U.S. 307, 318, 99 S.Ct. 2781, 2789, 61 L.Ed.2d 560,
573 (1979); Watson v. State, 204 S.W.3d 404, 413-17 (Tex.Crim.App. 2006). See also
Johnston v. State, 145 S.W.3d 215, 219 (Tex.Crim.App. 2004) (discussing admissibility of
extraneous offenses); Strickland v. Washington, 466 U.S. 668, 104 S.Ct. 2052, 80 L.Ed.2d
674 (1984) (establishing the two-pronged test for ineffective assistance of counsel). 
3. In granting counsel's motion to withdraw, however, we remind counsel of the
"educational" duty to inform Appellant of this Court's decision and of his right to file a pro
se petition for discretionary review in the Court of Criminal Appeals. Ex parte Owens, 206
S.W.3d 670 (Tex.Crim.App. 2006).



ed="false" Name="Medium Grid 3 Accent 2"/>
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 









NO. 07-10-0030-CR

 

IN THE
COURT OF APPEALS

 

FOR THE
SEVENTH DISTRICT OF TEXAS

 

AT
AMARILLO

 

PANEL D

 



AUGUST
18, 2010

 



 

MICHAEL ANTHONY FOSTER,  

 

                                                                                         Appellant

v.

 

THE STATE OF TEXAS,  

 

                                                                                         Appellee

___________________________

 

FROM THE 396TH DISTRICT COURT OF TARRANT
COUNTY;

 

NO. 1172868R; HONORABLE GEORGE
WILLIAM GALLAGHER, PRESIDING

 



 

Memorandum
Opinion

 



 

Before QUINN, C.J., and CAMPBELL and PIRTLE, JJ.

            After a jury
trial, Michael Anthony Foster was convicted of serious bodily injury to a
child.  He seeks reversal of that
conviction because the trial court denied him the right of
self-representation.  We reverse the
judgment.

            Via letter
dated July 14, 2010, the State conceded that the trial court erred by denying
appellant his right to self-representation and that the error was not subject
to a harm analysis.  Given this
concession, we reverse the judgment of the trial court and remand the cause for
further proceedings.

 

                                                                                    Per
Curiam

 

Do not publish.